

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
08/22/2017

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** *et al.,*[1] | § | **Case No. 17-33203** |
| | § | |
| **DEBTORS.** | § | **Joint Administration Requested** |
| | § | |
| | § | **(Chapter 7)** |

### ORDER AUTHORIZING EMPLOYMENT OF MARCUS AND MILLICHAP
### AS REAL ESTATE BROKER TO THE TRUSTEE
(Docket No. 27)

The Court, having considered the Application of Rodney D. Tow, Chapter 7 Trustee, for Authority to Employ Marcus & Millichap as Real Estate Broker to the Trustee (the "Application"), finds that notice of the Application was appropriate and in accordance with the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and that based on the law and facts set forth in the Application, the evidence presented, and the record in this case, the Court finds that the relief requested in the Application is in the best interests of the Trustee, the Debtors' estates, and their creditors and therefore should be GRANTED, accordingly, it is hereby:

ORDERED that the Trustee is authorized to employ Marcus & Millichap as real estate broker for the Trustee, according to the terms set forth in the Application and the Representation Agreement, a copy of which is attached hereto as **Exhibit A**, and it is further

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549) (the "Debtors").

ORDRERED that any and all compensation to M&M is approved by this Court under 11 U.S.C. § 328.

**Signed:  August 22, 2017.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT A

# Marcus & Millichap

## REPRESENTATION AGREEMENT
### (EXCLUSIVE RIGHT TO SELL OR EXCHANGE)

**THIS DOCUMENT IS INTENDED TO BE A LEGALLY BINDING CONTRACT.
PLEASE READ IT CAREFULLY.**

This Agreement is subject to the attached Addendum.

The undersigned ("Seller"), hereby agrees to enter into this Exclusive Right To Sell Or Exchange Representation Agreement ("Agreement"), and hereby employs Marcus & Millichap Real Estate Investment Services ("Agent"), and grants to Agent, for a period of time as set forth herein, the exclusive and irrevocable right and authority to sell or exchange that certain real property ("Property") located at 100 Pasadena Blvd., Pasadena, Texas 77506, and more particularly described as follows:

**TRS 4 & 4 B ABST 78 William Vince Survey aka Harris County Appraisal District Property Account # 0410340050004.**

1.    **PURCHASE PRICE/TERMS:** Agent is authorized to offer the Property for sale at a gross purchase price of $3,950,000 in cash, or upon the terms stated in the Financing Addendum attached hereto, if any, or in all cases, upon such other terms and conditions as Seller may approve in writing.

2.    **TERM:** This Agreement shall commence on the day this Agreement is executed by Seller (the "Commencement Date") and shall continue for a period of six (6) months from the date this Agreement is approved by the Bankruptcy Court (the "Original Term"). If an agreement of sale or letter of intent for the sale is executed, and if said agreement or letter of intent is revoked or terminated, or the transaction is canceled, the Original Term shall be extended by the number of calendar days during which the sale agreement or letter of intent was in effect (the "Extended Term"). The purpose of this automatic extension is to allow agent the opportunity to expose the Property to the marketplace for the full period of time contemplated by this Agreement. The Original Term, as the same may be extended by the Extended Term, or by any other extensions as set forth herein, or as otherwise may be agreed to by Seller and Agent, shall collectively be referred to herein as the "Term".

3.    **COMMISSION:** In consideration of the services to be rendered by Agent, Seller agrees to pay to Agent a commission equal to six percent (6.00%) of the purchase price of the Property (the "Commission") upon the occurrence of any of the following events:

   a.    The Property is sold, exchanged or otherwise conveyed during the Term and approved by the Bankruptcy Court; or

   b.    A sale, exchange or other conveyance of the Property is made during the Term and approved by the Bankruptcy Court, or within nine (9) months after the expiration of the Term to a person or entity with whom Agent has negotiated, or to whose attention the Property has been brought, or who was introduced to Seller as a prospective purchaser (herein, "Prospective Purchaser"), provided that (i) the name of any such person or entity has been submitted to Seller by delivery of a written offer to purchase the Property prior to expiration of the Term, or (ii) written notice has been given to Seller of the name of the Prospective Purchaser within fifteen (15) calendar days after the expiration of the Term. With respect to a sale, exchange or other conveyance to any Prospective Purchaser, Agent shall conclusively be deemed to be the procuring cause. The term "Prospective Purchaser" shall include that person or entity to whose attention Agent has brought the

Agent's Initials _____    Seller's Initials_____

Property, as well as any partnership, joint venture, corporation, trust or other similar entity which that person or entity represents or in which it holds an ownership or beneficial interest.

e.     In the case of any sale accomplished through an escrow, this commission shall be paid at close of escrow, and Agent shall be entitled to make demand of any escrow holder for payment from the proceeds of sale.  Seller and Agent agree that if completion of a sale of the Property pursuant to a duly executed purchase agreement is prevented by default of the Buyer, Seller shall be obligated to pay to Agent only an amount equal to one-half of any damages or other monetary compensation collected from said Buyer by suit or otherwise as a consequence of Buyer's default, if and when such damages or other monetary compensation are collected; provided, however, that the amount due Agent shall not exceed the brokerage commission set forth above.  The term "Property" shall include any interest therein or in its ownership.

**4     NOTICE OF BROKER LIEN LAW:**  The Commission shall be paid at the Closing, and Agent shall be entitled to make demand of any escrow holder or closing attorney for payment from the proceeds of sale. **Seller is hereby advised that pursuant to Chapter 62 of the Texas Property Code (known as the "Broker's and Appraiser's Lien on Commercial Real Estate Act"), Agent is entitled to claim a lien on the Property with regard to the ownership interests of the Seller, a Prospective Purchaser, and a lessor or lessee, for Agent's Commission if Agent has earned the Commission and a notice of lien is recorded and indexed.**

5.     **OTHER TERMS AND CONDITIONS:**

a.     **Indemnification:** Seller agrees to indemnify and hold Agent harmless from any and all liability, damages, losses, causes of action, or other claims (including attorneys' fees and other defense costs) arising from or asserted in connection with any incomplete or inaccurate information provided by Seller, or any material information concerning the Property which Seller has failed to disclose and for any claims against Agent for environmental responsibility with respect to the Property.

b.     **Notification of Inquiries:** Seller agrees to promptly refer to Agent all inquiries of anyone interested in the Property or who approaches Seller in any direct or indirect way with respect to the Property. It is understood and agreed that Seller shall provide Agent with fully executed copies of any and all Letters of Intent, Agreements of Sale, Settlement or Closing Statements, and an executed FIRPTA form on or before the Closing date.

c.     **Inspections:** Seller agrees that Agent and its representatives shall have the right to enter upon and inspect the interior and exterior of the Property with prospective buyers at reasonable hours.  Seller agrees to furnish and make available to Prospective Purchasers all financial data concerning the Property.

6.     **SCOPE OF AGENT'S AUTHORITY AND RESPONSIBILITY:** Agent shall assist Seller in marketing the Property and in negotiating the terms and conditions of sale with any prospective purchasers. Agent shall not, however, have authority to bind Seller to any contract or purchase agreement. Agent shall not be responsible for performing any due diligence or other investigation of the Property, or for providing professional advice with respect to any legal, tax, engineering, construction or hazardous materials issues. Except for confidential information regarding Seller's business or financial condition and the negotiation of the terms of a purchase agreement between Seller and a prospective purchaser, Seller and Agent agree that their relationship is at arm's length.

7.     **REQUIRED DISCLOSURES:**

A.     Property Condition:  As required by law, Seller and Agent must disclose any known material defect in the Property to a prospective buyer.  *(Check (1) or (2) only.)*

Agent's Initials _____     Seller's Initials_____
TX - Copyright 2017 Marcus & Millichap

_____ (1) Seller is not aware of any material defects to the Property except as stated in the attached Property Condition Statement. Seller authorizes Agent to furnish prospective buyers and other brokers with a copy of the Property Condition Statement.

_____ (2) Except as listed below, Seller is not aware of:

(a) any material defect on the Property or any condition that materially and detrimentally affects the Property;

(b) any condition on the Property that violates any law or ordinance;

(c) whether any part of the Property lies in a flood hazard area;

(d) any environmental hazards or conditions that affect the Property;

(e) whether the Property is or has ever been used for the storage or disposal of hazardous materials or toxic waste, a dump site or landfill, or any underground storage tanks or containers;

(f) whether radon, asbestos insulation or fireproofing, urea-formaldehyde foam insulation, lead-based paint, or other pollutants or contaminants of any nature now exist or have ever existed on the Property;

(g) whether wetlands as defined by federal or state law or regulation are on the Property; and

(h) whether threatened or endangered species or their habitat are on the Property.

Exceptions: _____

_____

_____

B. Accuracy of Required Disclosures: Seller represents that Seller has disclosed all known material defects and material facts affecting the Property.

8. **AGENCY RELATIONSHIPS:**

A. Seller acknowledges receipt of the attached exhibit entitled "Information About Brokerage Services" which is incorporated in this Listing for all purposes.

B. Agent will exclusively represent Seller in negotiations for the sale of the Property unless Seller authorizes Agent, as set forth below, to act as an intermediary or a dual agent in the event Agent also represents a Buyer who offers to purchase the Property. *(Check (1) or (2) only.)*

X (1) Intermediary Relationship Authorized: Seller acknowledges and desires for Agent to show the Property to all prospective Buyers it feels are qualified in order to maximize the exposure regardless of who represents the Buyer. Specifically, Seller authorizes Agent to show the Property to prospective buyers Agent has or may agree to represent. As required by Texas law, if Agent represents a Buyer who offers to buy the Property, Seller must authorize Agent to act as an intermediary between the Buyer and Seller, to present any offer such buyer may wish to make, and to assist both Seller and Buyer in negotiations for the sale of the Property. *(Agent recommends that Seller choose this option so that Seller's property may be marketed to all clients who may be interested in buying Seller's property. Without authorization, Agent will likely not be able to show to all Buyers.)*

**As required by law, if Agent acts as an intermediary between Seller and a Buyer, Agent:**

(a)    may not disclose to the Buyer that Seller will accept a price less than the asking price (Listing Price) unless otherwise instructed in a separate writing by Seller;

(b)    may not disclose to Seller that the Buyer will pay a price greater than the price submitted in a written offer to Seller unless otherwise instructed in a separate writing by the Buyer;

(c)    may not disclose any confidential information or any information Seller or Buyer specifically instructs Agent in writing not to disclose unless otherwise instructed in a separate writing by the respective party, or the information materially relates to the condition of the Property, or Agent is required to disclose the information by a court order or by the Real Estate License Act;

(d)    shall treat all parties to the transaction honestly; and

(e)    shall comply with the Real Estate License Act.

If Agent acts as an intermediary, Agent may appoint a licensed associates(s) of Agent to communicate with, carry out instructions of, and provide opinions and advice during negotiations to Seller and appoint another licensed associate(s) for the same purposes to a Buyer.

____    (2)    Intermediary Relationship not Authorized: Agent will exclusively represent Seller and may not act as an intermediary between Seller and a Buyer.  Seller understands: *(Check (a) or (b) only)  (Agent does not recommend that Seller choose this option in that Seller's property cannot be widely marketed to Agent's large database of Buyer clients who may be interested in buying Seller's property, doing so could violate Texas Agency Law..)*

____ (a)        Agent exclusively represents sellers and does not represent Buyers.
____ (b)        Agent represents both Buyers and Sellers, but Agent will not show the Property to any Buyer Agent represents.

C.    During the term of this Listing or after its termination, Agent may not knowingly disclose information obtained in confidence from Seller, except as authorized by Seller or required by law.  Agent may not disclose to Seller any information obtained in confidence regarding any other person Agent represents or may have represented, except as required by law.

9.    **AFFILIATED BROKERS:** Agent is affiliated with other Marcus & Millichap brokerage companies in other states. Agent shall disseminate information about the Property to such affiliated brokers, inviting the submission of offers on the Property. Seller authorizes Agent and any affiliated broker to represent any prospective buyer in the acquisition of the Property, and to submit offers on behalf of such buyers. Seller understands that this authorization may result in Agent's representing both Seller and a prospective buyer, and Seller hereby authorizes and consents to such intermediary relationship and agrees to execute a confirmation of such disclosed intermediary relationship if prospective purchaser is already represented by an affiliated entity. Agent reserves the right to cooperate or not cooperate with other brokers.  Agent reserves this right in an effort to minimize unauthorized showings and unnecessary disclosures of Property.

10.    **SELLER'S REPRESENTATIONS:** Except as provided in Paragraph 7, Seller represents and warrants that:

A.    Fee title to the Property is now vested as follows    ***    ;

B.    the undersigned Seller has the legal right to sell the Property and to bind any other individuals and entities that may have an ownership interest in the Property;

C.    the execution of this Agreement shall not result in any breach of, or constitute a default under, any contract or other agreement to which Seller is a part;

D.   Seller is not now a party to a listing agreement with another broker for the sale, exchange, or lease of the Property;

E.   no person or entity has any right to purchase, lease, or acquire the Property by virtue of an option, right of first refusal, or other agreement;

F.   no delinquencies or defaults exist under any deed of trust, mortgage, or other encumbrance on the Property;

G.   the Property is not subject to the jurisdiction of any court; and

H.   all information relating to the Property provided to Agent by Seller is true and correct.

11.   **SELLER'S ADDITIONAL PROMISES:**   Seller agrees to:

A.   cooperate fully in good faith with Agent to facilitate the showing and marketing of the Property;

B.   refer all prospective buyers to Agent and not negotiate with any prospective buyer directly;

C.   not enter into a listing agreement for the sale or exchange of the Property with another broker to become effective during the term of this Listing;

D.   provide Agent with copies of a current rent roll, all leases including any amendments, architectural plans and drawings, and a current operating statement, if any pertaining to the Property and

E.   advise Agent of any tenants moving in or out of the property.

12.   **ENTIRE AGREEMENT:**   This Agreement and attached Trustee's addendum express the entire agreement of the parties and supersedes any and all previous agreements between them with regard to the Property. There are no other understandings, oral or written, which in any way alter or enlarge the terms hereof, and there are no warranties or representations of any nature whatsoever, either express or implied, except as set forth herein. Any modification of this Agreement will be effective only if it is in writing and signed by the party to be charged.

13.   **NOTICES:**

A.   **Agent is obligated under law to show and make the Property available to all persons without regard to race, color, religion, national origin, sex, disability, or familial status. Local ordinances may provide for additional protected classes (e.g. creed, status as a student, marital status, sexual orientation, or age).**

B.   **Unless expressly agreed otherwise, Agent will submit all offers received by Agent for the sale of the Property, including any back-up offers Agent receives after Seller has entered into a binding contract to sell the Property. Agent is not obligated to continue to market the Property after seller has entered into a binding contract to sell the Property, unless specifically requested by Seller in writing.**

C.   **If the Property contains any residential dwelling built before 1978, federal law requires that before a buyer is obligated to purchase the Property, the Seller will: (1) provide the buyer with a lead hazard information pamphlet (as prescribed by EPA); and (2) disclose the presence of any known lead-based paint or lead-based paint hazards.**

D.   **Agent cannot give legal advice. This is intended to be legally binding agreement. READ IT CAREFULLY. If you do not understand the effect of this Listing, consult your attorney BEFORE signing.**

E.   **Seller understands and acknowledges that broker is not qualified to provide, and has not been contracted to provide legal, financial or tax advice, and that any such advice must be obtained from seller's attorney, accountant or tax professional.**

14.     **DISPUTES AND WAIVER OF JURY TRIAL:  All disputes arising between the Parties with respect to the subject matter of this Representation Agreement (including but not limited to the payment of commissions as provided herein) shall be settled exclusively by the United States Bankruptcy Court for the Southern District of Texas; provided, however, that if the United States Bankruptcy Court for the Southern District of Texas declines to resolve any dispute related to this Representation Agreement, then such dispute shall be settled exclusively by final, binding arbitration.  The judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction.**

The arbitration will proceed in the county where Agent's office is located and be conducted by the American Arbitration Association ("AAA"), or such other administrator as the parties shall mutually agree upon, in accordance with the AAA's then-applicable Commercial Arbitration Rules (the "Rules"). Any party who fails or refuses to submit to arbitration following a demand by the other party shall bear all costs and expenses, including attorneys' fees, incurred by such other party in compelling arbitration.

The arbitration will be decided by a single arbitrator selected according to the Rules. The arbitrator will decide any pre-hearing motions which are similar to motions to dismiss for failure to state a claim or motions for summary adjudication and may grant any remedy or relief that a court could order or grant on similar motions. The arbitrator shall apply the provisions of this Representation Agreement without varying therefrom, and shall not have the power to add to, modify, or change any of the provisions hereof.

In any arbitration proceeding discovery will be permitted only in accordance with the terms of this paragraph. Discovery by each party shall be limited to:  (i) a maximum number of five (5) depositions limited to four hours each; (ii) requests for production of documents; (iii) two interrogatories:  one inquiring into the amount of damages sought by the other party and another into the calculation of those damages; and (iv) subpoenas upon third parties for production of documents, depositions, and to appear at a hearing.  The scope of discovery may be expanded only upon the mutual consent of the parties. Discovery not set forth in this paragraph shall not be permitted.

**The Parties understand and agree that they are entering into this arbitration agreement voluntarily, and that by doing so they are waiving their rights to a jury trial or to have their claims otherwise litigated in court.**

15.     **ATTORNEYS' FEES:** In any litigation, arbitration or other legal proceeding which may arise between any of the parties hereto, including Agent, the prevailing party shall be entitled to recover its costs and expenses, including costs and expenses of arbitration, court costs and expenses incurred on appeal, and reasonable attorneys' fees incurred in any dispute through arbitration and appeal of and final judgment in addition to any other relief to which such party may be entitled.

16.     **GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the State of Texas (without application of choice-of-law principles).

17.     **SEVERABILITY:** In the event any term or provision of this Agreement shall be held illegal, unenforceable or inoperative as a matter of law, the remaining terms and provisions of this Agreement shall not be affected thereby and shall remain in full force and effect.

18.     **ADDENDA:**  Any addendum attached hereto and either signed or initialed by the parties shall be deemed a part hereof.  This Agreement expresses the entire agreement of the parties and supersedes any and all previous agreements between them with regard to the Property.  There are no other understandings, oral or written, which in any way alter or enlarge the terms hereof, and there are no warranties or representations of any nature whatsoever, either express or implied, except as set forth herein.  Any modification of this Agreement will be effective only if it is in writing and signed by the party to be charged.

SELLER: _____    SELLER: _____

ADDRESS: _____    ADDRESS: _____

_____            _____

DATE: _____    DATE: _____

BY: _____
    SELLER

AGENT: **MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES**

BY: _*Keith E. Lloyd*_____    DATE: _8/10/17_____

READ AND APPROVED:

BY: _____    DATE: _8/10/17_____
    Regional Manager
    Marcus & Millichap Real Estate Investment Services

11-2-2015



# Information About Brokerage Services

*Texas law requires all real estate license holders to give the following information about Brokerage services to prospective buyers, tenants, seller and landlords.*

**TYPES OF REAL ESTATE LICENSE HOLDERS:**
- **A BROKER** is responsible for all brokerage activities including acts performed by sales agents sponsored by the broker.
- **A SALES AGENT** must be sponsored by a broker and works with clients on behalf of the broker.

**A BROKER'S MINIMUM DUTIES REQUIRED BY LAW (A client is the person or party that the broker represents):**
- Put the interests of the client above all others, including the broker's own interests;
- Inform the client of any material information about the property or transaction received by the broker;
- Answer the client's questions and present any offer to or counter-offer from the client; and
- Treat all parties to a real estate transaction honestly and fairly.

**A LICENSE HOLDER CAN REPRESENT A PARTY IN A REAL ESTATE TRANSACTION:**

**AS AGENT FOR OWNER (SELLER/LANDLORD):** The broker becomes the property owner's agent through an agreement with the owner, usually in a written listing to sell or property management agreement. An owner's agent must perform the broker's minimum duties above and must inform the owner of any material information about the property or transaction known by the agent, including information disclosed to the agent or subagent by the buyer or buyer's agent.

**AS AGENT FOR BUYER/TENANT:** The broker becomes the buyer/tenant's agent by agreeing to represent the buyer, usually through a written representation agreement. A buyer's agent must perform the broker's minimum duties above and must inform the buyer of any material information about the property or trsanaction known by the agent, including information disclosed to the agent by the seller or seller's agent.

**AS AGENT FOR BOTH – INTERMEDIARY:** To act as an intermediary between the parties the broker must first obtain the written agreement of *each party* to the transaction. The written agreement must state who will pay the broker and, in conspicuous bold or underlined print, set forth the broker's obligations as an intermediary. A broker who acts as an intermediary:
- Must treat all parties to the transaction impartially and fairly;
- May, with the parties' written consent, appoint a different license holder associated with the broker to each party (owner and buyer) to communicate with provide opinions and advice to, and carry out the instructions of each party to the transaction;
- Must not, unless specifically authorized in wrting to do so by the party, disclose:
  - That the owner will accept a price less than the written asking price;
  - That the buyer/tenant will pay a price greater than the price submitted in a written offer; and
  - Any confidential information or any other information that a party specifically instructs the broker in writing not to disclose, unless required to do so by law.

**AS SUBAGENT:** A license holder acts as a subagent when aiding a buyer in a transaction without an agreement to represent the buyer. A subagent can assist the buyer but does not represent the buyer and must palce the interest of the owner first.

**TO AVOID DISPUTES, ALL AGREEMENTS BETWEEN YOU AND A BROKER SHOULD BE IN WRITING AND CLEARY ESTABLISH:**
- The broker's duties and responsibilities to you, and your obligations under the representation agreement.
- Who will pay the broker for services provided to you, when payment will be made and how the payment will be calculated.

**LICENSE HOLDER CONTACT INFORMATION:** This notice is being provided for information purposes. It does not create an obligation for you to use the broker's services. Please acknowledge receipt of this notice below and retain a copy for your records.

| | | | |
|---|---|---|---|
| **Marcus & Millichap** | 9002994 | tim.speck@marcusmillichap.com | **972-755-5200** |
| Licensed Broker/Broker Firm Name or Primary Assumed Business Name | License No. | Email Address | Phone |
| **Tim A. Speck** | 432723 | tim.speck@marcusmillichap.com | **972-755-5200** |
| Designated Broker or Firm | License No. | Email Address | Phone |
| **David H. Luther** | 0599555 | david.luther@marcusmillichap.com | **713-452-4200** |
| Licensed Supervisor of Sales Agent/ Associate | License No. | Email Address | Phone |
| **Keith E. Lloyd** | 307120 | keith.lloyd@marcusmillichap.com | **713-452-4200** |
| Sales Agent/Associate's Name | License No. | Email Address | Phone |

| | |
|---|---|
| Buyer/Tenant/Seller/Landlord Initials | Date |

Regulated by the Texas Real Estate Commission

Information available at www.trec.texas.gov

Rep.doc

Agent's Initials _KL_    Seller's Initials _____

TX - Copyright 2017 Marcus & Millichap

**Agent's Initials** _____ **Seller's Initials** _____
TX - Copyright 2017 Marcus & Millichap

## Trustee's Addendum to Representation Agreement

Property: 100 Pasadena Blvd., Pasadena, TX 77506

**THE PROVISIONS OF THIS ADDENDUM CONTROL OVER ALL TERMS OF THE REPRESENTATION AGREEMENT EVEN IF THE LISTING AGREEMENT SPECIFICALLY CONTRADICTS A PROVISION IN THIS ADDENDUM.**

1.      This property is being sold by a bankruptcy estate or estates and Rodney Tow is the Trustee of those estates.  He has no personal knowledge of the Property or its condition and is selling the Property in as-is condition with all faults, if any.  Neither Rodney Tow nor the Debtors' bankruptcy estates make any representations regarding the condition of the property.

2.      All sales from a bankruptcy estate must be approved by Court order.  Despite any provision to the contrary, the Trustee and the estates are not bound by the terms of the representation agreement or an earnest money contract without express Bankruptcy Court approval.

3.      All disputes relating to this sale, the listing, or the earnest money contract must be determined by the Bankruptcy Court.  Without a Bankruptcy Court order, the Trustee may not attend a mediation or any form of alternative resolution for the purpose of resolving a dispute.  Once a dispute is resolved, the Trustee may be required to obtain a Bankruptcy Court order approving the resolution.

4.      The Trustee will provide a special warranty Trustee's deed and sell the property pursuant to a Bankruptcy Court order.

5.      The sale will be free and clear of all liens, claims and encumbrances under § 363(f) of the Bankruptcy Code.

6.      Although rare, in any sale in bankruptcy a party may make a competing offer in which instance a bidding process may be required.

7.      The Trustee may be authorized by the Bankruptcy Court order:

   a.      To retain all proceeds from the sale pending distribution as authorized by the Bankruptcy Court;

   b.      To pay the first mortgage or other mortgages while retaining funds which would otherwise go to taxing entities pending distribution as authorized by the Bankruptcy Court; or

   c.      To pay all liens and encumbrances at closing.

1

8.      It typically takes thirty (30) days from the date of the signing of the earnest money contract for the Trustee to obtain an order authorizing the sale.  In some instances, it may take longer.

9.      Any change that requires a Bankruptcy Court order may require an additional thirty days to obtain the needed order.  In exceptional circumstances it is possible the Trustee may be able to get an order sooner, but these circumstances are rare and are left strictly to the Bankruptcy Court's decision.

10.     Any changes to the terms of the representation agreement or earnest money contract may require additional Bankruptcy Court approval.  For example, occasionally there will be unexpected costs at closing not anticipated by the buyer or seller.  If the estate is asked to pay some of the costs, an additional Bankruptcy Court order is necessary.

11.     Occasionally the title report will contain unknown or unexpected liens against the property.  In the event that occurs, the Trustee will have to re-evaluate the sale.  If there is no net profit to the estates after payment of liens, the Trustee may have to withdraw from the sale and allow the property to be foreclosed by lienholders.

12.     Texas law requires disclosures to be made by a seller which the Trustee cannot make.  The Trustee will not sign disclosure affidavits regarding the condition of the property.

13.     Taxes are prorated at closing.  In almost every instance the Title Company requests a buyer and seller to agree that if the prorations are wrong that the buyer and seller will make adjustments as necessary to prorate the taxes.  The Trustee will **not** agree to a proration adjustment because this is a sale by a bankruptcy estate and it is likely that all or some of the funds received from the sale will be distributed prior to the determination of the proration discrepancy.  The Trustee never agrees to adjust prorations.