**THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** *et al.,*[1] | § | **Case No. 17-33203** |
| | § | |
| | § | **Jointly Administered** |
| **DEBTORS.** | § | |
| | § | **(Chapter 7)** |

**TRUSTEE'S SUPPLEMENT TO EMERGENCY MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 363AND BANKRUPTCY RULES 2002, 6004, AND 6006, FOR ENTRY OF (I) ORDER (A) APPROVING SALE PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE DEBTORS, (B) APPROVING FORM AND MANNER OF NOTICE, (C) APPROVING BREAK-UP FEE, AND (D) SCHEDULING AUCTION AND SALE HEARING, AND (II) ORDER (A) APPROVING PURCHASE AGREEMENT, (B) AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (C) GRANTING RELATED RELIEF**
[RELATED TO DKT. 37]

A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 19, 2017 AT 2:30 P.M. (CT) IN COURTROOM 404, 4TH FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK, HOUSTON, TX 77002.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, chapter 7 trustee (the "Trustee") of the estates of the debtors in the above-captioned chapter 7 cases (collectively, the "Debtors"), files this supplement (the "Supplement") to the Trustee's *Emergency Motion, Pursuant to Bankruptcy Code Section 105(A) and 363 and Bankruptcy Rules 2002, 6004, and 6006, For Entry of (I) Order (A) Approving Sale Procedures in Connection with the Sale of Certain Assets of the Debtors, (B) Approving Form and Manner of Notice, (C) Approving Break-up Fee, and (D) Scheduling Auction and Sale Hearing; and (II) Order (A) Approving Purchase Agreement, (B) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief* [Dkt. No. 37] (the "Motion")[2] and respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested in this Motion are §§ 105(a) and 363 of title 11 of the United States Code ("Bankruptcy Code").

## CASE BACKGROUND

4.      On May 26, 2017 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code thereby commencing the Chapter 7 Cases.

---

[2]      Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

SUPPLEMENT TO SALE MOTION

5.      Rodney D. Tow was appointed as chapter 7 trustee for the Debtors' estates on May 30, 2017.

6.      In order to monetize the Debtors' assets, the Trustee has been pursuing the sale of the Debtors' primary assets including (i) their former office building located at 100 Pasadena Blvd., Pasadena, Texas (the "Building"); and (ii) their intellectual property.

7.      On August 11, 2017, the Trustee sought to employ Marcus & Millichap ("M&M") as a real estate broker in order to market and sell the Building.  [Dkt. No. 27].  The Court granted the authorization to employ M&M on August 22, 2017.  [Dkt. No. 30].

8.      On October 10, 2017, the Trustee filed the Motion in order to establish procedures for the sale of the Debtors' intellectual property and certain related assets including computer equipment.  [Dkt. No. 37].   Pursuant to the Motion, the Trustee seeks entry of order establishing sale procedure and approving ANEAN Consulting, LLC/ KHE USA LLC (jointly, "ANEAN") as the stalking horse bidder for the Debtor's Intellectual Property and certain computer equipment.

9.       The sale procedures contemplate a bidding and auction process that will conclude on or before November 31, 2017.

## PROPOSED CHANGES TO SALE PROCEDURES

10.      M&M has recently received a bid for both the Building and the Debtors' intellectual property.  Because these items represent essentially all of the Debtors' assets, the Trustee believes that it is now in the best interests of the Debtors' estates, their creditors, and all parties-in-interest to expand the sale procedures proposed in the Motion to cover all assets of the Debtors.

11.      Attached to this Supplement are the following:

- Revised clean version of the Sales Procedures Order;

SUPPLEMENT TO SALE MOTION

- Redline version of the Sale Procedures Order;

- Exhibit 1-A: Revised clean version of the Sale Procedures;

- Exhibit 1-B: Redline version of the Sale Procedures;

- Exhibit 2-A: Revised clean version of the Sale Notice; and

- Exhibit 2-B: Redline version of the Sale Notice.

12.     For the avoidance of doubt, the Trustee will still allow and consider Qualified Bids for only a subset of the Debtors' assets.  However, the Trustee will compare such bids to bids for substantially all of the Debtors' assets to determine which bid or combination of bids results in the highest value for the Debtors' estates.

## <u>CONCLUSION</u>

The Trustee respectfully requests that this Court (i) enter an order substantially in the form of the Sale Procedures Order attached hereto: (a) authorizing and approving the Sale Procedures attached as Exhibit 1 thereto; (b) approving the form and manner of the Sale Notice attached as Exhibit 2 thereto; (c) scheduling the Auction and Sale Hearing; and (d) granting such other and further relief as it deems just and proper; and (ii) at the conclusion of the Sale Hearing, enter an order (or orders): (a) approving the Sale(s) of all or substantially all of the Debtors' assets free and clear of all liens, encumbrances, claims and other interests pursuant to one or more Qualified Bids; and (b) granting such other and further relief as it deems just and proper.

Dated: October 17, 2017          Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/  Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel for Rodney D. Tow, Chapter 7*
*Trustee for the Estate of Ventech Engineers,*
*L.P. et al.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 17, 2017, a true and correct copy of this Supplement was served on all parties registered to receive service through the CM/ECF system and by email to the following parties:

Toby Gerber <toby.gerber@nortonrosefulbright.com>
Ryan Manns <ryan.manns@nortonrosefulbright.com>
Peter Johnson <pjohnson@pjlaw.com>

*/s/ Charles M. Rubio*
Charles M. Rubio

SUPPLEMENT TO SALE MOTION

Proposed Sale Procedures Order (Clean)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** *et al.,*[1] | § | **Case No. 17-33203** |
| | § | |
| **DEBTORS.** | § | **Jointly Administered** |
| | § | |
| | § | **(Chapter 7)** |

## ORDER APPROVING SALE PROCEDURES

Upon the motion, as supplemented, (the "Motion")[2] of Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") of the estates Ventech Engineers, L.P. et al. (the "Debtors") seeking entry of an order authorizing and approving, among other things, (a) the sale procedures for the sale of substantially all of the Debtors' assets (the "Transferred Assets") (in the form attached hereto as **Exhibit 1**, the "Sale Procedures"); (b) the bid protections for the Stalking Horse Bidder and the terms of that certain Asset Purchase Agreement dated as of October 6, 2017 (the "Stalking Horse Purchase Agreement") between the Trustee and ANEAN Consulting LLC/KHE USA LLC (or its assignee, jointly the "Stalking Horse Bidder"); (c) the form and manner of notice of the sale (in the form attached hereto as **Exhibit 2**, the "Sale Notice") of the Transferred Assets; and (d) scheduling an objection deadline and a final hearing to confirm the sale of the Transferred Assets; and the Court having reviewed the Motion; and this Court having determined that the

---

[1]      The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549) (the "Debtors").

[2]      Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, including for the reasons stated on the record at the hearing seeking approval of the Sale Procedures;

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.   The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 1334.

B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.   The statutory and legal predicates for the relief requested in the Motion are §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2002, 6004 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004 of the Local Rules of Bankruptcy Procedure (the "Local Rules") for the United States Bankruptcy Court for the Southern District of Texas (the "Court").

D.   Good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 6004(a).

E.   The Sale Procedures are fair, reasonable and appropriate, and are designed to maximize recovery with respect to the Sale.

F.   The Trustee has demonstrated compelling and sound business justifications for paying the break-up fee to the Stalking Horse Bidder pursuant to the terms of the Stalking Horse

---

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* Fed. R. Bankr. P. 7052.

Purchase Agreement, pursuant to the section entitled "Break-Up Fee" (the "<u>Stalking Horse Payment</u>") on the terms set forth in the Stalking Horse Purchase Agreement (the "<u>Bid Protections</u>"), and such Stalking Horse Payment and Bid Protections are fair and reasonable and provide a benefit to the Debtors' estates and creditors.

G.      The payment of the Stalking Horse Payment under the conditions set forth in the Stalking Horse Purchase Agreement is (a) an actual and necessary cost of preserving the Debtors' estates, within the meaning of § 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates and creditors and all parties-in-interest, (c) reasonable and appropriate and (d) necessary to induce the Stalking Horse Bidder to enter into and to consummate the transactions contemplated by the Stalking Horse Purchase Agreement. Accordingly, to the extent the Stalking Horse Payments become due and payable, they shall constitute an administrative expense claim against the Debtors' estates with priority pursuant to §§ 503(b) and 507(a)(2) of the Bankruptcy Code.

H.      The Stalking Horse Bidder would not have entered into the Stalking Horse Purchase Agreement and would not consummate the Sale if the Bid Protections were not approved. The Bid Protections are in the best interests of the Debtors, their estates and creditors, and all other parties-in-interest.

I.      The Trustee's proposed Sale Notice is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of, as applicable, the Sale Procedures, the Auction and the Sale Confirmation Hearing, and no other or further notice is required.

J.      No further or other notice beyond that described in the foregoing paragraphs is required in connection with the Sale.

K.     Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders, and all other parties-in-interest herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     All objections to the Motion, as they pertain to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

## The Sale Procedures

3.     The Sale Procedures are approved and are incorporated by reference as if fully set forth herein.

4.     The Trustee is authorized to conduct a sale of the Transferred Assets in accordance with the Sale Procedures and the terms hereof.

5.     The Trustee is authorized to conduct the Bidding Process (as defined in the Sale Procedures) in accordance with the Sale Procedures without the necessity of complying with any state or local bulk transfer laws or requirements applicable to the Debtors.

## Stalking Horse Bid Protections

6.     The terms and conditions of the Bid Protections and the Stalking Horse Payment are hereby approved.

7.     The Debtors' estates' obligation to pay the Stalking Horse Payment pursuant to the Stalking Horse Purchase Agreement shall survive termination of the Stalking Horse Purchase Agreement, shall constitute an administrative expense claim with priority under §§ 503(b) and 507(a)(2) of the Bankruptcy Code and shall be payable in accordance with the terms and conditions of the Stalking Horse Purchase Agreement.

8.      The payment by the Debtors' estates of the Stalking Horse Payment subject to and upon the conditions set forth in the Stalking Horse Purchase Agreement shall have super priority over any and all administrative expenses of the kind specified in §§ 503(b) and 507(b) of the Bankruptcy Code and is approved and directed to be paid directly from the consideration paid by any Successful Bidder at Closing.

**Notice Procedures**

9.      The Sale Notice is sufficient to provide effective notice to all interested parties of, inter alia, the Sale Procedures, the Auction, and the Sale Confirmation Hearing in accordance Bankruptcy Rules 2002 and 6004, and is approved.

10.      Within five days after entry of this Order, or as soon as reasonably practicable thereafter, the Trustee (or his representative) shall serve the Sale Notice, by first-class mail, postage prepaid, and/or via overnight mail, facsimile, hand delivery or electronic transmission, upon (i) the Office of the United States Trustee for the Southern District of Texas, (ii) all known creditors and parties-in-interest in these chapter 7 cases, including (a) all parties listed on the Debtors' schedules, (b) all parties requesting notice in this chapter 7 case pursuant to Bankruptcy Rule 2002; and (c) all entities known to have asserted any claim, lien, encumbrance or interest in the Transferred Assets.

**Objection Procedures**

11.      Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale and the transactions contemplated by the Stalking Horse Purchase Agreement or Alternate Purchase Agreement, as applicable, shall file a formal written objection that complies with the objection procedures as set forth herein and in the Motion, as applicable.

12.     Any and all objections as contemplated by this Order must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Court and (e) served on (i) the Office of the United States Trustee for the Southern District of Texas, (ii) the Trustee c/o Charles M. Rubio, 909 Fannin St., 37th Floor, Houston, Texas 77010; (iii) Bank of America, N.A. c/o Toby L. Gerber, Norton Rose Fulbright, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201-7932; and (iv) the Stalking Horse Bidder c/o Peter Johnson, Law Offices of Peter Johnson, 11 Greenway Plaza, Suite 2820, Houston, Texas 77046.   The objection deadline with respect to the transactions contemplated by the Stalking Horse Purchase Agreement is November 14, 2017 (the "General Objection Deadline").

13.     If there is more than one Qualified Bidder and an Auction is held and the Trustee elects to proceed with an Alternate Purchase Agreement, the deadline for objecting to such transaction shall be the fifth (5th) day following the date on which the Trustee files and serves a notice announcing his intent to consummate the Alternate Purchase Agreement (the "Alternate Sale Objection Deadline").

14.     Failure to object to the Sale by the General Objection Deadline or the Alternate Sale Objection Deadline, if applicable, shall be deemed to be "consent" for purposes of § 363(f)(2) of the Bankruptcy Code.

## Sale Hearing and Auction

15.     In the event there is more than one Qualified Bidder, an auction (the "Auction") will be held on November 16, 2017 at 10:00 a.m. (the "Auction Date").  The Auction will be conducted at the offices of Trustee's counsel, 909 Fannin St., 37th Floor, Houston, Texas 77010. Only Qualified Bidders who have complied with the bid procedures set forth herein may

participate in the Auction.

16.     If there are no other Qualified Bidders other than the Stalking Horse Bidder, then the Sale Hearing shall be held in this Court on November ____ 2017 at __:____ _.m. (CST) in Courtroom 400, 515 Rusk Avenue, Houston, TX 77002 (the "Bankruptcy Court").  If there are more than one Qualified Bidder and the Trustee conducts an Auction, the Sale Hearing shall be held in this Court on November ____, 2017 at __:____ _.m. (CST) at the Bankruptcy Court.  The Sale Hearing may be adjourned or rescheduled by the Trustee without further notice by an announcement of the adjourned date at the hearing or by the filing of a hearing agenda.

### Miscellaneous

17.     In the event there is a conflict between this Order and the Motion or the Stalking Horse Purchase Agreement, this Order shall control and govern.

18.     This Order shall be binding in all respects upon any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtor's bankruptcy case.

19.     Nothing herein shall be deemed to or constitute the assumption, assignment or rejection of any executory contract or unexpired lease.

20.     Nothing in this Order shall be deemed or construed to modify the Debtor's obligations under the Credit Agreement, dated as of May 22, 2014, among Ventech Engineers L.P., as Borrower, and Bank of America, as Lender, or any related documents or agreements.

21.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

22.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SIGNED on _____.

_____
The Honorable David R. Jones
United States Bankruptcy Judge

Proposed Sale Procedures Order (Redline)

SUPPLEMENT TO SALE MOTION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** *et al.*,[1] | § | **Case No. 17-33203** |
| | § | |
| **DEBTORS.** | § | **Jointly Administered** |
| | § | |
| | § | **(Chapter 7)** |

**ORDER APPROVING SALE PROCEDURES**

Upon the motion, as supplemented, (the "Motion")[2] of Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") of the estates Ventech Engineers, L.P. et al. (the "Debtors") seeking entry of an order authorizing and approving, among other things, (a) the sale procedures for the sale of the substantially all of the Debtors' assets (the "Transferred Assets") (in the form attached hereto as **Exhibit 1**, the "Sale Procedures"); (b) the bid protections for the Stalking Horse Bidder and the terms of that certain Asset Purchase Agreement dated as of October 6, 2017 (the "Stalking Horse Purchase Agreement") between the Trustee and ANEAN Consulting LLC/KHE USA LLC (or its assignee, jointly the "Stalking Horse Bidder"); (c) the form and manner of notice of the sale (in the form attached hereto as **Exhibit 2**, the "Sale Notice") of the Transferred Assets; and (d) scheduling an objection deadline and a final hearing to confirm the sale of the Transferred Assets; and the Court having reviewed the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their

---

[1]   The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549) (the "Debtors").

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

SALE PROCEDURES ORDER

estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, including for the reasons stated on the record at the hearing seeking approval of the Sale Procedures;

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.     The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 1334.

B.     Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.     The statutory and legal predicates for the relief requested in the Motion are §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2002, 6004 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004 of the Local Rules of Bankruptcy Procedure (the "Local Rules") for the United States Bankruptcy Court for the Southern District of Texas (the "Court").

D.     Good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 6004(a).

E.     The Sale Procedures are fair, reasonable and appropriate, and are designed to maximize recovery with respect to the Sale.

F.     The Trustee has demonstrated compelling and sound business justifications for paying the break-up fee to the Stalking Horse Bidder pursuant to the terms of the Stalking Horse

---

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* Fed. R. Bankr. P. 7052.

SALE PROCEDURES ORDER

Purchase Agreement, pursuant to the section entitled "Break-Up Fee" (the "Stalking Horse Payment") on the terms set forth in the Stalking Horse Purchase Agreement (the "Bid Protections"), and such Stalking Horse ~~Payments~~Payment and Bid Protections are fair and reasonable and provide a benefit to the Debtors' estates and creditors.

G.      The payment of the Stalking Horse Payment under the conditions set forth in the Stalking Horse Purchase Agreement is (a) an actual and necessary cost of preserving the Debtors' estates, within the meaning of § 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates and creditors and all parties-in-interest, (c) reasonable and appropriate and (d) necessary to induce the Stalking Horse Bidder to enter into and to consummate the transactions contemplated by the Stalking Horse Purchase Agreement. Accordingly, to the extent the Stalking Horse Payments become due and payable, they shall constitute an administrative expense claim against the Debtors' estates with priority pursuant to §§ 503(b) and 507(a)(2) of the Bankruptcy Code.

H.      The Stalking Horse Bidder would not have entered into the Stalking Horse Purchase Agreement and would not consummate the Sale if the Bid Protections were not approved.  The Bid Protections are in the best interests of the Debtors, their estates and creditors, and all other parties-in-interest.

I.      The Trustee's proposed Sale Notice is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of, as applicable, the Sale Procedures, the Auction and the Sale Confirmation Hearing, and no other or further notice is required.

J.      No further or other notice beyond that described in the foregoing paragraphs is required in connection with the Sale.

SALE PROCEDURES ORDER

K.      Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders, and all other parties-in-interest herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      All objections to the Motion, as they pertain to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

### **The Sale Procedures**

3.      The Sale Procedures are approved and are incorporated by reference as if fully set forth herein.

4.      The Trustee is authorized to conduct a sale of the Transferred Assets in accordance with the Sale Procedures and the terms hereof.

5.      The Trustee is authorized to conduct the Bidding Process (as defined in the Sale Procedures) in accordance with the Sale Procedures without the necessity of complying with any state or local bulk transfer laws or requirements applicable to the Debtors.

### **Stalking Horse Bid Protections**

6.      The terms and conditions of the Bid Protections and the Stalking Horse Payment are hereby approved.

7.      The Debtors' estates' obligation to pay the Stalking Horse Payment pursuant to the Stalking Horse Purchase Agreement shall survive termination of the Stalking Horse Purchase Agreement, shall constitute an administrative expense claim with priority under §§ 503(b) and 507(a)(2) of the Bankruptcy Code and shall be payable in accordance with the terms and conditions of the Stalking Horse Purchase Agreement.

SALE PROCEDURES ORDER

8.      The payment by the Debtors' estates of the Stalking Horse Payment subject to and upon the conditions set forth in the Stalking Horse Purchase Agreement shall have super priority over any and all administrative expenses of the kind specified in §§ 503(b) and 507(b) of the Bankruptcy Code and is approved and directed to be paid directly from the consideration paid by any Successful Bidder at Closing.

### Notice Procedures

9.      The Sale Notice is sufficient to provide effective notice to all interested parties of, inter alia, the Sale Procedures, the Auction, and the Sale Confirmation Hearing in accordance Bankruptcy Rules 2002 and 6004, and is approved.

10.     Within five days after entry of this Order, or as soon as reasonably practicable thereafter, the Trustee (or his representative) shall serve the Sale Notice, by first-class mail, postage prepaid, and/or via overnight mail, facsimile, hand delivery or electronic transmission, upon (i) the Office of the United States Trustee for the Southern District of Texas, (ii) all known creditors and parties-in-interest in these chapter 7 cases, including (a) all parties listed on the Debtors' schedules, (b) all parties requesting notice in this chapter 7 case pursuant to Bankruptcy Rule 2002; and (c) all entities known to have asserted any claim, lien, encumbrance or interest in the Transferred Assets.

### Objection Procedures

11.     Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale and the transactions contemplated by the Stalking Horse Purchase Agreement or Alternate Purchase Agreement, as applicable, shall file a formal written objection that complies with the objection procedures as set forth herein and in the Motion, as applicable.

SALE PROCEDURES ORDER

12.     Any and all objections as contemplated by this Order must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Court and (e) served on (i) the Office of the United States Trustee for the Southern District of Texas, (ii) the Trustee c/o Charles M. Rubio, 909 Fannin St., 37th Floor, Houston, Texas 77010; (iii) Bank of America, N.A. c/o Toby L. Gerber, Norton Rose Fulbright, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201-7932; and (iv) the Stalking Horse Bidder c/o Peter Johnson, Law Offices of Peter Johnson, 11 Greenway Plaza, Suite 2820, Houston, Texas 77046.    The objection deadline with respect to the transactions contemplated by the Stalking Horse Purchase Agreement is November 14, 2017 (the "General Objection Deadline").

13.     If there is more than one Qualified Bidder and an Auction is held and the Trustee elects to proceed with an Alternate Purchase Agreement, the deadline for objecting to such transaction shall be the fifth (5th) day following the date on which the Trustee files and serves a notice announcing his intent to consummate the Alternate Purchase Agreement (the "Alternate Sale Objection Deadline").

14.     Failure to object to the Sale by the General Objection Deadline or the Alternate Sale Objection Deadline, if applicable, shall be deemed to be "consent" for purposes of § 363(f)(2) of the Bankruptcy Code.

**Sale Hearing and Auction**

15.     In the event there is more than one Qualified Bidder, an auction (the "Auction") will be held on November 16, 2017 at 10:00 a.m. (the "Auction Date").  The Auction will be conducted at the offices of Trustee's counsel, 909 Fannin St., 37th Floor, Houston, Texas 77010. Only Qualified Bidders who have complied with the bid procedures set forth herein may

SALE PROCEDURES ORDER

participate in the Auction.

16.     If there are no other Qualified Bidders other than the Stalking Horse Bidder, then the Sale Hearing shall be held in this Court on November ___ 2017.   2017 at __:_____.m. (CST) in Courtroom 400, 515 Rusk Avenue, Houston, TX 77002 (the "Bankruptcy Court").   If there are more than one Qualified Bidder and the Trustee conducts an Auction, the Sale Hearing shall be held in this Court on November ___, 2017.2017 at __:_____.m. (CST) at the Bankruptcy Court.   The Sale Hearing may be adjourned or rescheduled by the Trustee without further notice by an announcement of the adjourned date at the hearing or by the filing of a hearing agenda.

**Miscellaneous**

17.     In the event there is a conflict between this Order and the Motion or the Stalking Horse Purchase Agreement, this Order shall control and govern.

18.     This Order shall be binding in all respects upon any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtor's bankruptcy case.

19.     Nothing herein shall be deemed to or constitute the assumption, assignment or rejection of any executory contract or unexpired lease.

20.     Nothing in this Order shall be deemed or construed to modify the Debtor's obligations under the Credit Agreement, dated as of May 22, 2014, among Ventech Engineers L.P., as Borrower, and Bank of America, as Lender, or any related documents or agreements.

21.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

SALE PROCEDURES ORDER

22.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


SIGNED on _____.

                                          _____
                                          The Honorable David R. Jones
                                          United States Bankruptcy Judge

SALE PROCEDURES ORDER

Document comparison by Workshare 9 on Tuesday, October 17, 2017 5:42:31 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DAL-DMS/imanage/806190/2 |
| Description | #806190v2<imanage> - Ventech - Sale Procedures Order |
| Document 2 ID | interwovenSite://DAL-DMS/imanage/806190/3 |
| Description | #806190v3<imanage> - Ventech - Sale Procedures Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 5 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 13 |

<u>Exhibit 1-A</u>

Sale Procedures (Clean)

# SALE PROCEDURES

A.    Background.  Ventech Engineers L.P. et al.[1] (the "**Debtors**") are debtors in chapter 7 cases, jointly administered under Case No. 17-33203, now pending in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  Rodney D. Tow, the Chapter 7 Trustee (the "**Trustee**") for the Debtors' estates, executed a certain Asset Purchase Agreement dated as of October 6, 2017 (the "**Stalking Horse Purchase Agreement**") with ANEAN Consulting, LLC/KHE USA LLC (jointly, the "**Stalking Horse Bidder**"), which agreement is subject to approval by the Bankruptcy Court.

B.    Assets to be Sold.  The Trustee seeks to sell substantially all of the Debtors' assets (collectively, the "**Transferred Assets**").  Qualified Bidders (defined below) can place a bid on all or only some of the Transferred Assets including the real property located at 100 Pasadena Blvd, Pasadena, TX 77506 (the "Real Estate").  The assets to be sold by the Trustee under the Stalking Horse Purchase Agreement consist of (i) certain intellectual property; (ii) name rights; (iii) computer equipment; (iv) software and related licenses; and (v) certain furniture (the "**Stalking Horse Assets**").  The Transferred Assets (which include the Stalking Horse Assets) will be sold free and clear of all liens, claims and encumbrances to the fullest extent allowed under § 363(f) of the Bankruptcy Code.  The sale is subject to higher and better offers at the Auction (defined below).  The Transferred Assets are being sold on an AS-IS, WHERE-IS basis.

C.    Sale Notice.  Within three days of the entry of an order approving these sale procedures (the "**Sale Procedures Order**"), the Trustee (or his representative) shall serve the Notice of Auction and Sale Hearing (the "**Sale Notice**"), substantially in the form attached hereto, by first-class mail, postage prepaid, and/or via overnight mail, facsimile, hand delivery or electronic transmission, upon (i) the Office of the United States Trustee for the Southern District of Texas, and (ii) all known creditors and parties-in-interest in these chapter 7 cases, including (a) all parties listed on the Debtors' schedules, (b) all parties requesting notice in this chapter 7 case pursuant to Bankruptcy Rule 2002; and (c) all entities known to have asserted any claim, lien, encumbrance or interest in the Transferred Assets.

D.    Sale Procedures Order.  In accordance with the Sale Procedures Order, the Bankruptcy Court established the manner in which prospective bidders may gain access to or continue to have access to due diligence materials concerning the Transferred Assets, the manner in which prospective bidders and bids become Qualified Bidders and Qualified Bids (each as defined below), respectively, the receipt and negotiation of bids, the conduct of any subsequent Auction (defined below) and the Bankruptcy Court's approval of the highest or otherwise best bid (collectively, the "**Bidding Process**").  Furthermore, the Sale Procedures Order approved

---

[1]    The names of the debtors, along with the last four digits of each debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

certain bid protections for the Stalking Horse Bidder.  Each such Qualified Bidder must execute a non-disclosure agreement in form and substance satisfactory to the Trustee prior to obtaining access to the foregoing information.

       E.    <u>Stalking Horse Bidder</u>.   The Trustee has identified ANEAN Consulting, LLC/KHE USA LLC as a stalking horse bidder (the "***Stalking Horse Bidder***") and entered into a purchase agreement with the Stalking Horse Bidder (the "***Stalking Horse Purchase Agreement***"), which proposes to purchase the Stalking Horse Assets for $140,000.00.  Further, the Sale Procedures Order approved a break-up fee in the amount of $10,000 for the Stalking Horse Bidder.

       F.    <u>Qualified Bidder</u>.   Unless otherwise determined by the Trustee, in order to participate in the Bidding Process, prior to the Bid Deadline (defined below), each person or entity wishing to participate in the Bidding Process must submit to the Trustee the following information:

    (1)    An executed confidentiality agreement containing provisions satisfactory to the Trustee.

    (2)    Its most recent financial statements, current financial statements of its owners, or such other financial information, as the Trustee may reasonably determine, that demonstrates the financial capability of the party to consummate the sale of the Transferred Assets within the timeframe set forth herein and under terms and conditions similar to those of the Stalking Horse Purchase Agreement.

    (3)    A preliminary (non-binding) written statement demonstrating, to the Trustee's satisfaction, a bona fide interest in purchasing the Transferred Assets from the Debtors, including: (i) the purchase price range (including liabilities, if any, to be assumed by the potential bidder); (ii) a description of the principal methodologies and assumptions used to arrive at the purchase price range; (iii) a description of the additional due diligence required; (iv) a description of any services or other cooperation that the prospective bidder will require from the Trustee after closing; (v) a statement that the purchase of the Transferred Assets is not subject to any contingencies that will not have been resolved by the closing of the purchase; and (v) any conditions to closing that the prospective bidder may wish to impose in addition to those set forth in the Stalking Horse Purchase Agreement.

If the Trustee determines that a party has satisfied the foregoing, then the party is a "***Qualified Bidder***."  As promptly as practicable after a prospective bidder delivers all of the materials required above, the Trustee will determine, and will notify the prospective bidder, if such prospective bidder is a Qualified Bidder.  The Stalking Horse Bidder is deemed a Qualified Bidder.

       G.    <u>Due Diligence</u>.  The Trustee shall provide the Qualified Bidders access to the Debtors' books and records and reasonable onsite inspection in order conduct their due diligence investigation regarding the Transferred Assets.  To the extent the Transferred Assets are in electronic format, the Trustee shall provide Qualified Bidders access to a computer terminal

equipped with the software necessary to access the electronic Transferred Assets.  All Qualified Bidders must complete their due diligence prior to the Auction.

Further, the Trustee will permit parties interested in purchasing the Debtors' Real Estate to conduct reasonable due diligence with respect to such Real Estate, including inspecting the property and reviewing title information.  The Trustee shall provide copies of a title commitment (the "Title Commitment") for the real property and a recent survey.

H.      Qualified Bids.  In order to constitute a "**Qualified Bid**," a Qualified Bidder must submit to the Trustee the following (the "**Bid Package**") by the Bid Deadline:

(1)     A purchase agreement (a "**Alternate Purchase Agreement**") for all or part of the Transferred Assets with terms not materially more burdensome to the Trustee or the Debtors' estates than the Stalking Horse Purchase Agreement or otherwise inconsistent with these Sale Procedures, which (a) has been executed by a person with authority to irrevocably bind the bidder; (b) does not provide for the payment to the bidder of any break-up fee, topping fee, expense reimbursement or other similar arrangement; (c) is not subject to any financing contingency, any contingency relating to the completion of unperformed due diligence, any contingency relating to the approval of the bidder's board of directors or other similar internal approvals or consents, any contingency relating to a material adverse change, or any other material conditions precedent to the bidder's obligation to close; (d) is subject to acceptance by the Trustee, on behalf of the Debtors' estates, solely by the Trustee's execution of the Alternate Purchase Agreement and approval of the Alternate Purchase Agreement by the Bankruptcy Court;

(2)     A document reflecting the differences between the Stalking Horse Purchase Agreement and the Alternate Purchase Agreement which may be prepared with a document comparison/redlining software;

(3)     A bank account statement or other records that show the source of funds for the bidder's proposed purchase of the Transferred Assets;

(4)     A signed statement of the bidder (a) disclosing any formal or informal agreements or understandings reached by the bidder with parties-in-interest in the Bankruptcy Case in connection with the bid (or that no such agreements or understandings exist); (b) acknowledging that if chosen as the Successful Bidder (defined below), such bidder can consummate the purchase of the Transferred Assets promptly upon approval of the Bankruptcy Court; and (c) agreeing that the bidder's offer in the Alternate Purchase Agreement is irrevocable until (3) business days after the entry of an order of the Bankruptcy Court approving the Successful Bid (defined below); and

(5)     a deposit (the "**Earnest Money Deposit**") in an amount equal to the greater of ten percent (10%) of the purchase price and $15,000.00 made by cashier's check or

by wire transfer of immediately available funds to the Trustee.  Wire transfer instructions may be obtained from the Trustee.

(6)      Any bid for the purchase of the real property located at 100 Pasadena Ave. in Pasadena, Texas may be subject to the issuance of a title policy conforming to the Title Commitment.

For the avoidance of doubt, the Stalking Horse Bidder is deemed a Qualified Bidder, and the Stalking Horse Purchase Agreement is deemed a Qualified Bid, for all purposes in connection with the Bidding Process and the Auction.  Bank of America, N.A. ("*BANA*") shall also be deemed a Qualified Bidder with the ability to credit bid the full amount of its secured claim in the event that a Qualified Bid that exceeds the Stalking Horse initial bid is received by the Trustee before the Bid Deadline; provided, however, that the Trustee shall not consummate a sale of the assets for an amount less than the Stalking Horse bid without the approval of BANA.

I.      Recognition of Stalking Horse Bid.  In the event that the Trustee does not receive a Qualified Bid, other than the Stalking Horse Bid, on or before the Bid Deadline, the Stalking Horse Bid shall be deemed to be a Successful Bidder.

J.      Earnest Money Deposit.  Each Earnest Money Deposit shall be held in escrow by the Trustee until three (3) business days after the closing of the sale of the Transferred Assets (the "*Earnest Money Refund Date*").  If a Successful Bidder (defined below) subsequently defaults or breaches the Successful Bidder's Alternate Purchase Agreement, then the Earnest Money Deposit submitted by such Successful Bidder, together with any accrued interest, shall be deemed forfeited and shall be retained by the Trustee for the benefit of the Debtors' estates.  Any Earnest Money Deposit paid by a bidder who is not selected as a Successful Bidder or Back-Up Bidder shall be returned by the Trustee on or before the Earnest Money Refund Date.

K.      Bid Deadline.  All Bid packages must be submitted to (i) the Trustee's counsel, Charles M. Rubio, Diamond McCarthy LLP, 909 Fannin Street, 37th Floor, Houston, Texas 77010, (crubio@diamondmccarthy.com); and (ii) BANA's counsel, Toby L. Gerber, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas, TX 75201, (toby.gerber@nortonrosefulbright.com) so as to be received not later than 5:00 p.m. (CST) on November 13, 2017 (the "*Bid Deadline*") or such later date or time that the Trustee, in his reasonable discretion, establishes as the Bid Deadline.

L.      Auction.  If the Trustee receives one or more Qualified Bids in addition to the Stalking Horse bid, then on November 16, 2017 (the "*Auction Date*"), beginning at 10:00 a.m., at the offices of Diamond McCarthy LLP, 909 Fannin Street, 37th Floor, Houston, Texas 77010, or at such other location as may be designated by the Trustee, the Trustee will conduct an auction (the "*Auction*") to determine the highest or best bid.  The Trustee may conduct the Auction in the manner he determines will achieve the maximum recovery for the Debtors' estates.  Only the Trustee, BANA, and Qualified Bidders who have submitted Qualified Bids, and their respective professionals, shall be permitted to attend the Auction, and only Qualified Bidders who have submitted Qualified Bids shall be eligible to participate in (i.e., bid at) the Auction.  No later than 24 hours prior to the Auction Date, the Trustee will notify the Qualified Bidders who have submitted Qualified Bids of the general terms and conditions of the then-highest and best bid for

the purchase of all of the Transferred Assets (the "***Initial Bid***").  The Auction may be adjourned at any time and from time to time without further notice except by announcement of the adjourned date or dates prior to or at the Auction or any adjournment thereof.

M.     Auction Process.  The Trustee shall commence the Auction with the Initial Bid. Qualified Bidders will be permitted to increase their bids and to agree to modifications to their bids in order to make their bids more favorable to the Debtors' estates, provided that each bid subsequent to the Initial Bid shall be at least $15,000 greater than the preceding bid (the "***Incremental Bid Amount***").  When evaluating the bids, the Trustee shall, in consultation with BANA, consider the financial and contractual terms of each bid and factors affecting the speed and certainty of closing with respect to each bid.  Such bidding shall continue until the Trustee concludes the Auction of any or all of the Transferred Assets.  At the conclusion of the Auction, the Trustee, in consultation with BANA, shall identify the bid or combination of bids that constitutes the highest and best bid (the "***Successful Bid***"), based upon the foregoing Auction process and the Trustee's determination of the highest or otherwise best bid from a Qualified Bidder or Qualified Bidders (the "***Successful Bidder***").  The Trustee shall retain full discretion and right to determine, which bid or combination of bids, if any, constitutes the highest or otherwise best offer based on all circumstances, and which bid or combination of bids should be selected as the Successful Bid, all of which are subject to final approval by the Bankruptcy Court pursuant to the applicable provisions of the Bankruptcy Code.  All bidding shall be conducted at the Auction and no bids shall be tendered or accepted after the Auction has concluded.  The bidder or combination of bidders that submits a Qualified Bid(s) that the Trustee determines to be the second highest or otherwise second best offer will be the "***Back-Up bidder***" (the "***Back-Up Bidder***") and shall keep its highest bid at the Auction open for acceptance beyond the time period required by this Order (each, a "***Back-Up Bid***") (it being understood that the Trustee shall continue to hold in escrow the Earnest Money Deposit of any party serving as a Back-Up Bidder); provided, however, the Trustee shall not be obligated to seek approval of any such Back-Up Bid.

N.     Objections.  Except as otherwise set forth in the Sale Procedures Order, objections or responses, if any, to the Sale of the Transferred Assets, or any relief requested in the Motion other than the relief granted by the Court in the Sale Procedures Order must be (i) in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the Bankruptcy Rules and the Local Rules of the Court; and (iv) filed with the Clerk of the Bankruptcy Court, by no later than November 14, 2017 (the "***General Objection Deadline***").  If there is more than one Qualified Bidder and an Auction is held and the Trustee elects to proceed with an Alternate Purchase Agreement, the deadline for objecting to such transaction shall be the fifth (5th) day following the date on which the Trustee files and serves a notice announcing his intent to consummate the Alternate Purchase Agreement (the "***Alternate Sale Objection Deadline***").

O.     Hearing Regarding Successful Bid.     If there are no other Qualified Bidders other than the Stalking Horse Bidder, the Trustee will request the Court set a hearing to consider the approval of the sale of the Transferred Assets to the Stalking Horse Bidder on or before November 16, 2017.   If there is more than one Qualified Bidder and the Trustee conducts an Auction, the Trustee will request the Court set a hearing to consider approval of the sale of the Transferred Assets to the Successful Bidder(s) on or before November 30, 2017 (the hearing to

consider the approval of the sale of the Transferred Assets, the "***Sale Hearing***").  The Trustee shall be deemed to have accepted a bid or bids only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.  Upon the failure to consummate the closing of the transaction contemplated by the Successful Bid(s) because of the occurrence of a breach or default under the terms of the Successful Bid(s) or the Successful Bidder's Alternate Purchase Agreement, the Back-Up Bid, as disclosed at the Sale Hearing, shall be deemed the Successful Bid (each, a "***Successful Back-Up Bid***") without further order of the Bankruptcy Court and the parties shall be authorized and directed to consummate the transaction contemplated by the Successful Back-Up Bid.

      P.    <u>Closing</u>.  The Trustee will seek to close the sale of the Transferred Assets within one (1) day of the Sale Hearing.  In the event that the Successful Bid includes the Real Estate and the Stalking Horse Assets and the Successful Bidder fails to close the sale on the Stalking Horse Assets within one (1) day of the Sale Hearing (provided that there are no defaults by the Trustee) or such other time as the Trustee and the Successful Bidder may agree to, the Trustee may elect, in his sole discretion, to proceed with the sale of the Stalking Horse Assets to a Back-Up Bidder and require the Successful Bidder to close the on the sale of the remaining Transferred Assets that are included in the Successful Bid; provided that, the Successful Bidder shall be granted a credit on its remaining purchase in the cash amount of such Back-Up bid.

<u>Exhibit 1-B</u>

Sale Procedures (Redline)

## SALE PROCEDURES

B.    <u>Background</u>.  Ventech Engineers L.P. et al.[1] (the "**Debtors**") are debtors in chapter 7 cases, jointly administered under Case No. 17-33203, now pending in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  Rodney D. Tow, the Chapter 7 Trustee (the "**Trustee**") for the Debtors' estates, executed a certain Asset Purchase Agreement dated as of October 6, 2017 (the "**Stalking Horse Purchase Agreement**") with ANEAN Consulting, LLC/KHE USA LLC (jointly, the "**Stalking Horse Bidder**"), which agreement is subject to approval by the Bankruptcy Court.

C.    <u>Assets to be Sold</u>.  The Trustee seeks to sell substantially all of the Debtors' assets (collectively, the "**Transferred Assets**").  Qualified Bidders (defined below) can place a bid on all or only some of the Transferred Assets including the real property located at 100 Pasadena Blvd, Pasadena, TX 77506 (the "Real Estate").  The assets to be sold by the Trustee under the Stalking Horse Purchase Agreement consist of (i) certain intellectual property; (ii) name rights; (iii) computer equipment; (iv) software and related licenses; and (v) certain furniture, all as more fully described in the Stalking Horse Purchase Agreement (the "Transferred (the "**Stalking Horse** Assets").  The Transferred Assets (which include the Stalking Horse Assets) will be sold free and clear of all liens, claims and encumbrances to the fullest extent allowed under § 363(f) of the Bankruptcy Code.  The sale is subject to higher and better offers at the Auction (defined below).  The Transferred Assets are being sold on an AS-IS, WHERE-IS basis.

D.    <u>Sale Notice</u>.  Within three days of the entry of an order approving these sale procedures (the "**Sale Procedures Order**"), the Trustee (or his representative) shall serve the Notice of Auction and Sale Hearing (the "**Sale Notice**"), substantially in the form attached hereto, by first-class mail, postage prepaid, and/or via overnight mail, facsimile, hand delivery or electronic transmission, upon (i) the Office of the United States Trustee for the Southern District of Texas, and (ii) all known creditors and parties-in-interest in these chapter 7 cases, including (a) all parties listed on the Debtors' schedules, (b) all parties requesting notice in this chapter 7 case pursuant to Bankruptcy Rule 2002; and (c) all entities known to have asserted any claim, lien, encumbrance or interest in the Transferred Assets.

E.    <u>Sale Procedures Order</u>.  In accordance with the Sale Procedures Order, the Bankruptcy Court established the manner in which prospective bidders may gain access to or continue to have access to due diligence materials concerning the Transferred Assets, the manner in which prospective bidders and bids become Qualified Bidders and Qualified Bids (each as defined below), respectively, the receipt and negotiation of bids, the conduct of any subsequent Auction (defined below) and the Bankruptcy Court's approval of the highest or otherwise best bid (collectively, the "**Bidding Process**").  Furthermore, the Sale Procedures Order approved

---

[1]  The names of the debtors, along with the last four digits of each debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

1

certain bid protections for the Stalking Horse Bidder.  Each such Qualified Bidder must execute a non-disclosure agreement in form and substance satisfactory to the Trustee prior to obtaining access to the foregoing information.

       F.    <u>Stalking Horse Bidder</u>.  The Trustee has identified ANEAN Consulting, LLC/KHE USA LLC as a stalking horse bidder (the "***Stalking Horse Bidder***") and entered into a purchase agreement with the Stalking Horse Bidder (the "***Stalking Horse Purchase Agreement***"), which proposes to purchase the ~~Transferred~~Stalking Horse Assets for $140,000.00.  Further, the Sale Procedures Order approved a break-up fee in the amount of $10,000 for the Stalking Horse Bidder.

       G.    <u>Qualified Bidder</u>.  Unless otherwise determined by the Trustee, in order to participate in the Bidding Process, prior to the Bid Deadline (defined below), each person or entity wishing to participate in the Bidding Process must submit to the Trustee the following information:

       (1)    An executed confidentiality agreement containing provisions satisfactory to the Trustee.

       (2)    Its most recent financial statements, current financial statements of its owners, or such other financial information, as the Trustee may reasonably determine, that demonstrates the financial capability of the party to consummate the sale of the Transferred Assets within the timeframe set forth herein and under ~~the~~ terms and conditions similar to those of the Stalking Horse Purchase Agreement.

       (3)    A preliminary (non-binding) written statement demonstrating, to the Trustee's satisfaction, a bona fide interest in purchasing the Transferred Assets from the Debtors, including: (i) the purchase price range (including liabilities, if any, to be assumed by the potential bidder); (ii) a description of the principal methodologies and assumptions used to arrive at the purchase price range; (iii) a description of the additional due diligence required; (iv) a description of any services or other cooperation that the prospective bidder will require from the Trustee after closing; (v) a statement that the purchase of the Transferred Assets is not subject to any contingencies that will not have been resolved by the closing of the purchase; and (v) any conditions to closing that the prospective bidder may wish to impose in addition to those set forth in the Stalking Horse Purchase Agreement.

If the Trustee determines that a party has satisfied the foregoing, then the party is a "***Qualified Bidder***."  As promptly as practicable after a prospective bidder delivers all of the materials required above, the Trustee will determine, and will notify the prospective bidder, if such prospective bidder is a Qualified Bidder.  The Stalking Horse Bidder is deemed a Qualified Bidder.

       H.    <u>Due Diligence</u>.  The Trustee shall provide the Qualified Bidders access to the Debtors' books and records and reasonable onsite inspection in order conduct their due diligence investigation regarding the Transferred Assets.  To the extent the Transferred Assets are in electronic format, the Trustee shall provide Qualified Bidders access to a computer terminal

equipped with the software necessary to access the electronic Transferred Assets.  All Qualified Bidders must complete their due diligence prior to the Auction.

Further, the Trustee will permit parties interested in purchasing the Debtors' Real Estate to conduct reasonable due diligence with respect to such Real Estate, including inspecting the property and reviewing title information.  The Trustee shall provide copies of a title commitment (the "Title Commitment") for the real property and a recent survey.

I.        Qualified Bids.  In order to constitute a "**Qualified Bid**," a Qualified Bidder must submit to the Trustee the following (the "**Bid Package**") by the Bid Deadline:

(1)      A purchase agreement (a "**Alternate Purchase Agreement**") for all or part of the Transferred Assets with terms not materially more burdensome to the Trustee or the Debtors' estates than the Stalking Horse Purchase Agreement or otherwise inconsistent with these Sale Procedures, which (a) has been executed by a person with authority to irrevocably bind the bidder; (b) does not provide for the payment to the bidder of any break-up fee, topping fee, expense reimbursement or other similar arrangement; (c) is not subject to any financing contingency, any contingency relating to the completion of unperformed due diligence, any contingency relating to the approval of the bidder's board of directors or other similar internal approvals or consents, any contingency relating to a material adverse change, or any other material conditions precedent to the bidder's obligation to close; (d) is subject to acceptance by the Trustee, on behalf of the Debtors' estates, solely by the Trustee's execution of the Alternate Purchase Agreement and approval of the Alternate Purchase Agreement by the Bankruptcy Court;

(2)      A document reflecting the differences between the Stalking Horse Purchase Agreement and the Alternate Purchase Agreement which may be prepared with a document comparison/redlining software;

(3)      A bank account statement or other records that show the source of funds for the bidder's proposed purchase of the Transferred Assets;

(4)      A signed statement of the bidder (a) disclosing any formal or informal agreements or understandings reached by the bidder with parties-in-interest in the Bankruptcy Case in connection with the bid (or that no such agreements or understandings exist); (b) acknowledging that if chosen as the Successful Bidder (defined below), such bidder can consummate the purchase of the Transferred Assets promptly upon approval of the Bankruptcy Court; and (c) agreeing that the bidder's offer in the Alternate Purchase Agreement is irrevocable until (3) business days after the entry of an order of the Bankruptcy Court approving the Successful Bid (defined below); and

(5)      a deposit (the "**Earnest Money Deposit**") in an amount equal to the greater of ten percent (10%) of the purchase price and $15,000.00 made by cashier's check or

by wire transfer of immediately available funds to the Trustee.  Wire transfer instructions may be obtained from the Trustee.

(6)   Any bid for the purchase of the real property located at 100 Pasadena Ave. in Pasadena, Texas may be subject to the issuance of a title policy conforming to the Title Commitment.

For the avoidance of doubt, the Stalking Horse Bidder is deemed a Qualified Bidder, and the Stalking Horse Purchase Agreement is deemed a Qualified Bid, for all purposes in connection with the Bidding Process and the Auction.  Bank of America, N.A. ("**BANA**") shall also be deemed a Qualified Bidder with the ability to credit bid the full amount of its secured claim in the event that a Qualified Bid that exceeds the Stalking Horse initial bid is received by the Trustee before the Bid Deadline; provided, however, that the Trustee shall not consummate a sale of the assets for an amount less than the Stalking Horse bid, without the approval of BANA.

J.     Recognition of Stalking Horse Bid.  In the event that the Trustee does not receive a Qualified Bid, other than the Stalking Horse Bid, on or before the Bid Deadline, the Stalking Horse Bid shall be deemed to be thea Successful Bidder.

K.     Earnest Money Deposit.  Each Earnest Money Deposit shall be held in escrow by the Trustee until three (3) business days after the closing of the sale of the Transferred Assets (the "**Earnest Money Refund Date**").  If thea Successful Bidder (defined below) subsequently defaults or breaches the Successful Bidder's Alternate Purchase Agreement, then the Earnest Money Deposit submitted by such Successful Bidder, together with any accrued interest, shall be deemed forfeited and shall be retained by the Trustee for the benefit of the Debtors' estates.  Any Earnest Money Deposit paid by a bidder who is not selected as thea Successful Bidder or Back-Up Bidder shall be returned by the Trustee on or before the Earnest Money Refund Date.

L.     Bid Deadline.  All Bid Packagespackages must be submitted to (i) the Trustee's counsel, Charles M. Rubio, Diamond McCarthy LLP, 909 Fannin Street, 37th Floor, Houston, Texas 77010, (crubio@diamondmccarthy.com); and (ii) BANA's counsel, Toby L. Gerber, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas, TX 75201, (toby.gerber@nortonrosefulbright.com) so as to be received not later than 5:00 p.m. (CST) on November 13, 2017 (the "**Bid Deadline**") or such later date or time that the Trustee, in his reasonable discretion, establishes as the Bid Deadline.

M.     Auction.  If the Trustee receives one or more Qualified Bids in addition to the Stalking Horse bid, then on November 16, 2017 (the "**Auction Date**"), beginning at 10:00 a.m., at the offices of Diamond McCarthy LLP, 909 Fannin Street, 37th Floor, Houston, Texas 77010, or at such other location as may be designated by the Trustee, the Trustee will conduct an auction (the "**Auction**") to determine the highest or best bid.  The Trustee may conduct the Auction in the manner he determines will achieve the maximum recovery for the Debtors' estates.  Only the Trustee, BANA, and Qualified Bidders who have submitted Qualified Bids, and their respective professionals, shall be permitted to attend the Auction, and only Qualified Bidders who have submitted Qualified Bids shall be eligible to participate in (i.e., bid at) the Auction.  No later than 24 hours prior to the Auction Date, the Trustee will notify the Qualified Bidders who have submitted Qualified Bids of the general terms and conditions of the

then-highest and best bid for the purchase of all of the Transferred Assets (the "***Initial Bid***"). The Auction may be adjourned at any time and from time to time without further notice except by announcement of the adjourned date or dates prior to or at the Auction or any adjournment thereof.

N.     Auction Process.  The Trustee shall commence the Auction with the Initial Bid. Qualified Bidders will be permitted to increase their bids and to agree to modifications to their bids in order to make their bids more favorable to the Debtors' estates, provided that each bid subsequent to the Initial Bid shall be at least $15,000 greater than the preceding bid (the "***Incremental Bid Amount***").  When evaluating the bids, the Trustee shall, in consultation with BANA, consider the financial and contractual terms of each bid and factors affecting the speed and certainty of closing with respect to each bid.  Such bidding shall continue until the Trustee concludes the Auction of any or all of the Transferred Assets.  At the conclusion of the Auction, the Trustee, in consultation with BANA, shall identify the bid or combination of bids that constitutes the highest and best bid (the "***Successful Bid***"), based upon the foregoing Auction process and the Trustee's determination of the highest or otherwise best bid from a ~~qualified bidder~~Qualified Bidder or Qualified Bidders (the "***Successful Bidder***").  The Trustee shall retain full discretion and right to determine, which bid or combination of bids, if any, constitutes the highest or otherwise best offer based on all circumstances, and which bid or combination of bids should be selected as the Successful Bid, all of which are subject to final approval by the Bankruptcy Court pursuant to the applicable provisions of the Bankruptcy Code.  All bidding shall be conducted at the Auction and no bids shall be tendered or accepted after the Auction has concluded.  The bidder or combination of bidders that submits a Qualified Bid(s) that the Trustee determines to be the second highest or otherwise second best offer will be the "back-up bidder" (the "***Back-Up Bidder***") and shall keep its highest bid at the Auction open for acceptance beyond the time period required by this Order (each, a "***Back-Up Bid***") (it being understood that the Trustee shall continue to hold in escrow the Earnest Money Deposit of any party serving as a Back-Up Bidder); provided, however, the Trustee shall not be obligated to seek approval of any such Back-Up Bid.

O.     Objections.   Except as otherwise set forth in the Sale Procedures Order, objections or responses, if any, to the Sale of the Transferred Assets, or any relief requested in the Motion other than the relief granted by the Court in the Sale Procedures Order must be (i) in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the Bankruptcy Rules and the Local Rules of the Court; and (iv) filed with the Clerk of the Bankruptcy Court, by no later than November 14, 2017 (the "***General Objection Deadline***").  If there is more than one Qualified Bidder and an Auction is held and the Trustee elects to proceed with an Alternate Purchase Agreement, the deadline for objecting to such transaction shall be the fifth (5th) day following the date on which the Trustee files and serves a notice announcing his intent to consummate the Alternate Purchase Agreement (the "***Alternate Sale Objection Deadline***").

P.     Hearing Regarding Successful Bid.    If there are no other Qualified Bidders other than the Stalking Horse Bidder, the Trustee will request the Court set a hearing to consider the approval of the sale of the Transferred Assets to the Stalking Horse Bidder on or before November 16, 2017.   If there ~~are~~is more than one Qualified ~~Bidders~~Bidder and the Trustee

conducts an Auction, the Trustee will request the Court set a hearing to consider approval of the sale of the Transferred Assets to the ~~Success~~Successful Bidder(s) on or before November 30, 2017 (the hearing to consider the approval of the sale of the Transferred Assets, the "*Sale Hearing*"). The Trustee shall be deemed to have accepted a bid or bids only when the bid has been approved by the Bankruptcy Court at the Sale Hearing. Upon the failure to consummate the closing of the transaction contemplated by the Successful Bid(s) because of the occurrence of a breach or default under the terms of the Successful Bid(s) or the Successful Bidder's Alternate Purchase Agreement, the Back-Up Bid, as disclosed at the Sale Hearing, shall be deemed the Successful Bid (each, a "*Successful Back-Up Bid*") without further order of the Bankruptcy Court and the parties shall be authorized and directed to consummate the transaction contemplated by the Successful Back-Up Bid.

Q. <u>Closing</u>. The Trustee will seek to close the sale of the Transferred Assets within one (1) day of the Sale Hearing. In the event that the Successful Bid includes the Real Estate and the Stalking Horse Assets and the Successful Bidder fails to close the sale on the Stalking Horse Assets within one (1) day of the Sale Hearing (provided that there are no defaults by the Trustee) or such other time as the Trustee and the Successful Bidder may agree to, the Trustee may elect, in his sole discretion, to proceed with the sale of the Stalking Horse Assets to a Back-Up Bidder and require the Successful Bidder to close the on the sale of the remaining Transferred Assets that are included in the Successful Bid; provided that, the Successful Bidder shall be granted a credit on its remaining purchase in the cash amount of such Back-Up bid.

Document comparison by Workshare 9 on Tuesday, October 17, 2017 5:02:11 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DAL-DMS/imanage/801454/7 |
| Description | #801454v7<imanage> - Ventech - Sale Procedures |
| Document 2 ID | interwovenSite://DAL-DMS/imanage/801454/10 |
| Description | #801454v10<imanage> - Ventech - Sale Procedures |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 28 |
| Deletions | 13 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 43 |

<u>Exhibit 2-A</u>

Sale Notice (Clean)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** *et al.,*[1] | § | **Case No. 17-33203** |
| | § | |
| **DEBTORS.** | § | **Jointly Administered** |
| | § | |
| | § | **(Chapter 7)** |

### NOTICE OF SALE

READ THIS NOTICE CAREFULLY.  FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL PERMANENTLY BAR YOU FROM ASSERTING RIGHTS YOU MAY HAVE IN CONNECTION WITH SALE PROCESS.

TO ALL CREDITORS AND OTHER PARTIES-IN-INTEREST:

PLEASE TAKE NOTICE THAT on May 26, 2017, Ventech Engineers L.P., Ventech Engineers LLC, Ventech Fabrication Services LLC, Ventech Engineers International LLC, Ventech Energy LLC, Ventech Engineers North America LLC, Ventech Engineers USA LLC, Ventech Vessel Fabricators LLC, Ventech Global Projects, Inc., Ventech International Projects LLC, Ventech Global Construction LLC, Ventech Modular Fabricators LLC, Ventech Refining Solutions LLC, Ventech Plant Constructors LLC, Ventech Engineers & Fabricators, LLC, Ventech Industrial Contractors, LLC; Ventech XTL LLC, and Ventech XTL Oklahoma City LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code thereby commencing the above-referenced chapter 7 cases (the "Chapter 7 Cases") in the U.S. Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE THAT Rodney D. Tow was appointed chapter 7 trustee of the Debtors' bankruptcy estates.

PLEASE TAKE FURTHER NOTICE THAT on October 10, 2017, the Trustee filed a motion, as supplemented [ECF No. 37] (the "Motion")[2] for an order approving, among other

---

[1]     The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

things, entry of an order (the "Sale Order") authorizing and approving the sale of substantially all of the Debtors' assets (collectively, the "Transferred Assets") to one or more purchasers submitting the highest or otherwise best offers therefor (the "Sale"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

PLEASE TAKE FURTHER NOTICE that the Trustee is soliciting offers for the purchase of any or all of the Transferred Assets in accordance consistent with the sale procedures (the "Sale Procedures") approved by the Bankruptcy Court by entry of an order dated October [●], 2017 (the "Sale Procedures Order"). All interested bidders should carefully read the Sale Procedures and Sale Procedures Order. To the extent that there are any inconsistencies between this notice and the Sale Procedures or Sale Procedures Order, the Sale Procedures or Sale Procedures Order, as applicable, shall govern in all respects.

PLEASE TAKE FURTHER NOTICE that the Trustee has identified ANEAN Consulting, LLC/KHE USA LLC as a Stalking Horse Bidder. The Stalking Horse Bidder has offered to purchase certain of the Transferred Assets, comprised primarily of the Debtor's intellectual property assets, for $140,000.00.

PLEASE TAKE FURTHER NOTICE that, if the Trustee receives more than one qualified bid within the requirements and time frame specified by the Sale Procedures, the Trustee may determine, in the exercise of his business judgment, to schedule an auction (the "Auction") to request additional competitive bids from qualified bidders with respect to the Sale of the Transferred Assets on November 16, 2017 at the offices of Diamond McCarthy, LLP, 909 Fannin Street, 37th Floor, Houston, TX, 77010, or such later date and time as selected by the Trustee. The Auction shall be conducted in a timely fashion according to the Sale Procedures.

PLEASE TAKE FURTHER NOTICE if there are no other Qualified Bidders other than the Stalking Horse Bidder, then a hearing to consider approval of the Sale of any or all of the Transferred Assets to the Stalking Horse Bidder shall take place on November [●], 2017 at __:____ (CT) before the Honorable David R. Jones at the United States Bankruptcy Court for the Southern District of Texas, Courtroom 400, 515 Rusk, Houston, TX 77002.

PLEASE TAKE FURTHER NOTICE if there are more than one Qualified Bidders an Auction is held, then a hearing to consider approval of the Sale of any or all of the Transferred Assets to the Successful Bidder shall take place on November [●], 2017 at __:____ (CT) before the Honorable David R. Jones at the United States Bankruptcy Court for the Southern District of Texas, Courtroom 400, 515 Rusk, Houston, TX 77002.

PLEASE TAKE FURTHER NOTICE THAT except as otherwise set forth in the Sale Procedures Order, objections or responses, if any, to the Sale of the Transferred Assets, or any relief requested in the Motion other than the relief granted by the Court in the Sale Procedures Order must be (i) in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the Bankruptcy Rules and the Local Rules of the Court; and (iv) filed with the

---

[2]      The Debtor sought relief pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Clerk of the Bankruptcy Court, by no later than November 14, 2017 (the "General Objection Deadline").  If there is more than one Qualified Bidder and an Auction is held and the Trustee elects to proceed with an Alternate Purchase Agreement, the deadline for objecting to such transaction shall be the fifth (5th) day following the date on which the Trustee files and serves a notice announcing his intent to consummate the Alternate Purchase Agreement (the "Alternate Sale Objection Deadline").

## CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION

ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE ON OR BEFORE THE OBJECTION DEADLINE IN ACCORDANCE WITH THE SALE PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE TRANSFERRED ASSETS.  IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT CERTAIN OF THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: October [●], 2017

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/*  _____
Charles M. Rubio
TBA No. 24083768
Michael D. Fritz
TBA No. 24083029
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
crubio@diamondmccarthy.com
mfritz@diamondmccarthy.com

*Counsel for Rodney D. Tow, Chapter 7*
*Trustee of the Debtors*

Exhibit 2-B

Sale Notice (Redline)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:                                §
                                      §
**VENTECH ENGINEERS, L.P. *et al.*,**[1]    §          **Case No. 17-33203**
                                      §
         **DEBTORS.**                 §          **Jointly Administered**
                                      §
                                      §          **(Chapter 7)**

### NOTICE OF SALE

READ THIS NOTICE CAREFULLY.   FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL PERMANENTLY BAR YOU FROM ASSERTING RIGHTS YOU MAY HAVE IN CONNECTION WITH SALE PROCESS.

TO ALL CREDITORS AND OTHER PARTIES-IN-INTEREST:

PLEASE TAKE NOTICE THAT on May 26, 2017, Ventech Engineers L.P., Ventech Engineers LLC, Ventech Fabrication Services LLC, Ventech Engineers International LLC, Ventech Energy LLC, Ventech Engineers North America LLC, Ventech Engineers USA LLC, Ventech Vessel Fabricators LLC, Ventech Global Projects, Inc., Ventech International Projects LLC, Ventech Global Construction LLC, Ventech Modular Fabricators LLC, Ventech Refining Solutions LLC, Ventech Plant Constructors LLC, Ventech Engineers & Fabricators, LLC, Ventech Industrial Contractors, LLC; Ventech XTL LLC, and Ventech XTL Oklahoma City LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code thereby commencing the above-referenced chapter 7 cases (the "Chapter 7 Cases") in the U.S. Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE THAT Rodney D. Tow was appointed chapter 7 trustee of the Debtors' bankruptcy estates.

PLEASE TAKE FURTHER NOTICE THAT on October 10, 2017, the Trustee filed a motion, as supplemented [ECF No. 37] (the "Motion")[2] for an order approving, among other

---

[1]   The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

[2]   The Debtor sought relief pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

things, entry of an order (the "Sale Order") authorizing and approving the sale of ~~certain~~substantially all of the Debtors' assets (collectively, the "Transferred Assets") to one or more purchasers submitting the highest or otherwise best offers therefor (the "Sale"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

PLEASE TAKE FURTHER NOTICE that the Trustee is soliciting offers for the purchase of any or all of the Transferred Assets in accordance consistent with the sale procedures (the "Sale Procedures") approved by the Bankruptcy Court by entry of an order dated October [●], 2017 (the "Sale Procedures Order"). All interested bidders should carefully read the Sale Procedures and Sale Procedures Order. To the extent that there are any inconsistencies between this notice and the Sale Procedures or Sale Procedures Order, the Sale Procedures or Sale Procedures Order, as applicable, shall govern in all respects.

PLEASE TAKE ~~FURHTER~~FURTHER NOTICE that the Trustee has identified ANEAN Consulting, LLC/KHE USA LLC as a Stalking Horse Bidder. The Stalking Horse Bidder has offered to purchase certain of the Transferred Assets, comprised primarily of the Debtor's intellectual property assets, for $140,000.00.

PLEASE TAKE FURTHER NOTICE that, if the Trustee receives more than one qualified bid within the requirements and time frame specified by the Sale Procedures, the Trustee may determine, in the exercise of his business judgment, to schedule an auction (the "Auction") to request additional competitive bids from qualified bidders with respect to the Sale of the Transferred Assets on November 16, 2017 at the offices of Diamond McCarthy, LLP, 909 Fannin Street, 37th Floor, Houston, TX, 77010, or such later date and time as selected by the Trustee. The Auction shall be conducted in a timely fashion according to the Sale Procedures.

PLEASE TAKE FURTHER NOTICE if there are no other Qualified Bidders other than the Stalking Horse Bidder, then a hearing to consider approval of the Sale of any or all of the Transferred Assets to the Stalking Horse Bidder shall take place on November [●], 2017 at __:____ (CT) before the Honorable David R. Jones at the United States Bankruptcy Court for the Southern District of Texas, Courtroom 400, 515 Rusk, Houston, TX 77002.

PLEASE TAKE FURTHER NOTICE if there are more than one Qualified Bidders ~~an~~ an Auction is held, then a hearing to consider approval of the Sale of any or all of the Transferred Assets to the Successful Bidder shall take place on November [●], 2017 at __:____ (CT) before the Honorable David R. Jones at the United States Bankruptcy Court for the Southern District of Texas, Courtroom 400, 515 Rusk, Houston, TX 77002.

PLEASE TAKE FURTHER NOTICE THAT except as otherwise set forth in the Sale Procedures Order, objections or responses, if any, to the Sale of the Transferred Assets, or any relief requested in the Motion other than the relief granted by the Court in the Sale Procedures Order must be (i) in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the Bankruptcy Rules and the Local Rules of the Court; and (iv) filed with the Clerk of the Bankruptcy Court, by no later than November 14, 2017 (the "General Objection Deadline"). If there is more than one Qualified Bidder and an Auction is held and the Trustee

SALE NOTICE

elects to proceed with an Alternate Purchase Agreement, the deadline for objecting to such transaction shall be the fifth (5th) day following the date on which the Trustee files and serves a notice announcing his intent to consummate the Alternate Purchase Agreement (the "Alternate Sale Objection Deadline").

## CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION

ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE ON OR BEFORE THE OBJECTION DEADLINE IN ACCORDANCE WITH THE SALE PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE TRANSFERRED ASSETS.  IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT CERTAIN OF THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: October [●], 2017                    Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio* _____

_____

Charles M. Rubio
TBA No. 24083768
Michael D. Fritz
TBA No. 24083029
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
crubio@diamondmccarthy.com
mfritz@diamondmccarthy.com

*Counsel for Rodney D. Tow, Chapter 7*
*Trustee of the Debtors*

SALE NOTICE

Document comparison by Workshare 9 on Tuesday, October 17, 2017 5:37:43 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DAL-DMS/imanage/805214/3 |
| Description | #805214v3<imanage> - Ventech - Sale Notice |
| Document 2 ID | interwovenSite://DAL-DMS/imanage/805214/4 |
| Description | #805214v4<imanage> - Ventech - Sale Notice |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 5 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 12 |