# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** *et al.*,[1] | § | **Case No. 17-33203** |
| | § | |
| **DEBTORS.** | § | **Joint Administration Requested** |
| | § | |
| | § | **(Chapter 7)** |

## CHAPTER 7 TRUSTEE'S APPLICATION TO (1) EXPAND EMPLOYMENT OF DIAMOND McCARTHY LLP AS SPECIAL LITIGATION COUNSEL; AND (2) APPROVE A CONTINGENCY FEE AGREEMENT UNDER SECTION 328 OF THE BANKRUPTCY CODE

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, chapter 7 trustee (the "Trustee"), in the above-referenced case respectfully supplements and amends the relief requested in the Trustee's Application to Employ Diamond McCarthy LLP ("Diamond McCarthy") as General Bankruptcy Counsel filed on June 22, 2017 (the "Initial Application") [Docket No. 17], to expand the scope of Diamond McCarthy's employment to include the prosecution of the Contingency Litigation Claims

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549) (the "Debtors").

(defined below) on a contingency fee basis (the "Application"). All terms not otherwise defined shall have the same meaning as in the Initial Application. The Application is supported by the declaration of J. Maxwell Beatty ("Beatty Declaration") attached hereto as **Exhibit A**.

## RELIEF REQUESTED

1.      The Trustee respectfully requests that the Court enter an order supplementing and amending the scope of Diamond McCarthy's employment in the Initial Application as follows:

        a.  Authorizing the Trustee to further employ the firm of Diamond McCarthy as his special litigation counsel in connection with the Contingency Litigation Claims (defined in the Supplemental Agreement);

        b.  Approving the contingency fee arrangement described herein and in the Supplemental Engagement Agreement ("Supplemental Agreement"), a true and correct copy of which is attached as **Exhibit B**, under Bankruptcy Code section 328(a);

        c.  Authorizing the Trustee to enter into the Supplemental Agreement;

        d.  Such other and further relief as the Court may deem proper.

## JURISDICTION

2.      This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue of the Debtors' chapter 7 cases ("Chapter 7 Cases") in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief sought are §§ 327(a), 328, 330, and 704(a) of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 6003, and Bankruptcy Local Rule 2014-1.

## SUMMARY OF APPLICATION

5.     The Court previously approved the Trustee's employment of Diamond McCarthy as General Bankruptcy counsel pursuant to the Initial Application filed on June 22, 2017, Engagement Agreement (the "Original Agreement"), including, without limitation, Diamond McCarthy's services as general bankruptcy counsel in connection with the bankruptcy cases filed by the Ventech Entities.

6.     The Trustee hereby seeks to expand the retention of Diamond McCarthy to handle Contingency Litigation Claims on a contingency fee basis.

## BACKGROUND

7.     On May 26, 2017 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code thereby commencing the Chapter 7 Cases.

8.     Prior to the Petition Date, the Debtors operated engineering, procurement, and construction companies that focused on modular systems design and fabrication for petroleum refiners and related industries.

9.     Rodney D. Tow was appointed as chapter 7 trustee for the Debtors' estates on May 30, 2017.

## BASIS FOR RELIEF

10.     Section 327(a) of the Bankruptcy Code authorizes a trustee to employ attorneys that do not hold or represent an interest adverse to the debtor's estate and that are disinterested persons to assist him with his duties under the Bankruptcy Code.  The Trustee's retention of Diamond McCarthy is necessary to enable the Trustee to fulfill his duties under the Bankruptcy Code and is in the best interests of the Debtors' estates.

APPLICATION TO EMPLOY
DIAMOND MCCARTHY LLP

11.     Section 328 of the Bankruptcy Code authorizes the Trustee to employ a professional person on reasonable terms and conditions of employment including a contingency fee basis.

**Diamond McCarthy's Qualifications.**

12.     Diamond McCarthy possesses the requisite resources and is highly qualified to serve as the Trustee's special litigation counsel in prosecuting the Contingency Litigation Claims.  Diamond McCarthy's professionals have spent a substantial amount of time, over 200 hours over the last ten months, working closely with the Trustee to administer the case and familiarize themselves with the nature of the Debtor's business, the Debtors' assets and potential claims the estate may have against third parties.  No other firm is as uniquely suited to prosecute the Contingency Litigation Claims for the Trustee and Debtors' estates.  No other firm has the in-depth factual background related to this case or the detailed understanding of the particular legal issues raised to date.

**Expertise in Prosecuting the Types of Claims Presented in the Contingency Litigation**

13.     Diamond McCarthy's professionals specialize in representing fiduciaries, including bankruptcy trustees, in large and complex bankruptcy and litigation cases around the country.  Diamond McCarthy served as lead trial counsel for various parties having significant roles in the Enron/LJM2, Parmalat, Livent, Bayou Funds, Dreier, LLP, USA Commercial Mortgage, Diversified Lending Group, Inc., Equipment Acquisition Corp., Bank United, and the Syntax-Brillian cases.  Diamond McCarthy regularly investigates, and prosecutes cases involving breaches of fiduciary duty, Chapter 5 claims, complex fraud, Ponzi schemes, professional malpractice actions and other bankruptcy related claims.

APPLICATION TO EMPLOY
DIAMOND MCCARTHY LLP

14.     Diamond McCarthy represents Chapter 7 and 11 trustees as well as federal equity receivers, handling all aspects of bankruptcy and insolvency proceedings, including prosecuting various avoidance actions.  For example, Diamond McCarthy served as special litigation counsel to the Creditors' Committee and Estate of Appalachian Fuels, Inc. and its affiliates in bankruptcy proceedings in the Eastern District of Kentucky.  As part of the representation, Diamond McCarthy investigated and prosecuted claims against former directors and officers, insurance/surety companies, and various third parties on claims for breach of fiduciary duty, negligent misrepresentation, fraud, and avoidance actions under both the bankruptcy code and corresponding state law.  Diamond McCarthy also recently represented the Plan Administrator for Equipment Acquisition Resources, Inc. in the Bankruptcy Court for Northern District of Illinois.  During the representation, the firm investigated and prosecuted tens of millions of dollars in fraudulent transfers related to fraudulent equipment leases on high-tech manufacturing equipment.

15.     The Trustee believes that Diamond McCarthy is well-qualified and uniquely able to serve as his litigation counsel in the Contingency Litigation. Diamond McCarthy's extensive litigation background with the specific types of claims likely to be at issue in this case will be invaluable in assessing the options for maximizing the return to creditors in this case.

**Unique Experience with the Specific Contingency Litigation Claims**

16.     The Trustee's experience of working directly with Diamond McCarthy's professionals convinced him that the firm's litigation team possesses an impressive level of knowledge, skill, professionalism and talent.

17.     Given Diamond McCarthy's significant investment of time, resources and expertise, the firm is uniquely positioned to successfully and efficiently represent the Trustee and the Debtors' estates.  No other firm possesses Diamond McCarthy's familiarity with the facts,

Page **5** of **10**

APPLICATION TO EMPLOY
DIAMOND MCCARTHY LLP

law and transactions at issue in the Contingency Litigation Claims and a replacement firm would require the Trustee and his staff to spend hundreds of additional hours to educate new counsel on the facts and analysis required to prosecute the claims.

18.     The Trustee respectfully submits that expanding Diamond McCarthy's role as his special litigation counsel would best serve the interests of the Debtors' estates as well as their creditors.  Accordingly, the Trustee requested Diamond McCarthy to expand the scope of its employment to include prosecution of the Contingency Litigation on a contingency fee basis. The Trustee negotiated with Diamond McCarthy to reach a contingency fee arrangement favorable to the Debtors' estates as set forth in the Supplemental Agreement and summarized below.

### PROPOSED CONTINGENCY FEE

19.     The Trustee proposes to expand the scope of Diamond McCarthy's service as special litigation counsel to undertake the Contingency Litigation on a contingency fee basis, subject to the terms and conditions specified in the Supplemental Agreement[2] and approval by the Court under Bankruptcy Code section 328(a).

20.     Diamond McCarthy will be compensated for its services only when the Trustee obtains a Recovery (as defined in the Supplemental Agreement), either through settlement, judgment, reduction or elimination of claims against the Debtors' estates, or otherwise.

21.     For representing the Trustee in prosecuting to the Contingency Litigation Claims, Diamond McCarthy shall earn a contingency fee based on a percentage of the Debtors' estates' Recoveries.  The contingency fee is payable by the Debtors' estates as set forth below, which

---

[2] The summary of the Supplemental Agreement's terms provided in this Application are for informational purposes only.  The Supplemental Agreement itself will govern the terms of the Trustee's employment of and compensation of Diamond McCarthy in the Contingency Litigation.  In the event of any conflict between the information provided in this Application and the terms Supplemental Agreement, the Supplemental Agreement controls.

APPLICATION TO EMPLOY
DIAMOND MCCARTHY LLP

contingency fee shall be approved in advance with the Supplemental Agreement and this Application under 11 U.S.C. § 328(a).   As detailed in Section 5(b) of the Supplemental Agreement, in the event the Trustee and the Debtors' estates receive a Recovery pursuant to a settlement, judgment, arbitral award or otherwise in connection with the Contingency Litigation Diamond McCarthy will be entitled to a 40% contingency fee.

22.     As explained above and detailed in the Supplemental Agreement, Diamond McCarthy will advance out of pocket expenses for the Contingency Litigation.   Pursuant to Section 6 of the Supplemental Agreement, these out of pocket expenses with be reimbursed from Gross Recoveries.

23.     The contingency fee terms outlined above and specified in the Supplemental Agreement are the result of arm's length negotiations between the Trustee and Diamond McCarthy.   The Trustee presents that the proposed contingency fee terms set forth in the Supplemental Agreement are fair, reasonable and in the best interest of the Debtors' estates and their creditors.

### BASIS FOR RELIEF

### A.     The Agreement Meets the Requirements of Section 328

24.     Bankruptcy Code section 328 permits the employment of a professional to assist the Trustee "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."   11 U.S.C. §328(a).   Diamond McCarthy and the Trustee are specifically requesting that the contingency fee set forth in the Supplemental Agreement be awarded under Bankruptcy Code section 328.   *Circle K Corp. v. Houlihan, Lokey Howard & Zuken, Inc. (In re Circle K Corp.)*, 279 F.3d 669, 671 (9th Cir. 2001) (holding that unless the retention application of a professional unambiguously

specifies that approval is sought under Bankruptcy Code section 328, any fee award is subject to review under Bankruptcy Code section 330).

25.     The Court must determine the reasonableness of the Supplemental Agreement at this time because once a bankruptcy court approves a fee agreement under section 328, "when the professional ultimately applies for payment, the court cannot alter those terms unless it finds the original terms 'to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'"  *In re Reimers*, 927 F.2d 1127, 1128 (9th Cir. 1992) (quoting *In re Confections by Sandra, Inc.*, 83 B.R. 729 (B.A.P. 9th Cir. 1987).  Here, the Supplemental Agreement is reasonable for several reasons.

26.     <u>First</u>, a contingency fee is appropriate because the likely source of potential recovery on general unsecured claims will be from the Contingency Litigation Claims.  Any recovery on the Contingency Litigation Claims requires significant legal services and there is a serious risk of nonpayment for Diamond McCarthy.  The ability of the Debtors' estates to pay administrative expenses depends, as a practical matter, upon the successful prosecution of the Contingency Litigation Claims.  The Trustee projects that it will take many months and several hundred more hours of attorney services to prosecute the Contingency Litigation Claims to resolution.

27.     <u>Second</u>, the Trustee is unable to retain counsel to prosecute the Contingency Litigation Claims without the contingent fee arrangement provided in the Supplemental Agreement based upon the risk of nonpayment.  The Debtors' estates do not have funds to prosecute the Contingency Litigation Claims to resolution on an hourly basis and the contingency fee arrangement will permit prosecution of the Contingency Litigation Claims and compensate Diamond McCarthy for the risk of nonpayment.

APPLICATION TO EMPLOY
DIAMOND MCCARTHY LLP

**CONCLUSION**

The Trustee believes it is essential that the scope of Diamond McCarthy's employment be amended to include the additional services described above and that the Court approve the Supplemental Agreement pursuant to Bankruptcy Code section 328(a).

WHEREFORE, based upon the foregoing, the Trustee requests that the Court enter an order granting the relief requested herein.

Dated: May 10, 2018                              Respectfully submitted,

                                                 DIAMOND McCARTHY LLP

                                                 */s/  Charles M. Rubio*
                                                 J. Maxwell Beatty
                                                 TBA No. 24051740
                                                 mbeatty@diamondmccarthy.com
                                                 Kyung S. Lee
                                                 TBA No. 12128400
                                                 klee@diamondmccarthy.com
                                                 Charles M. Rubio
                                                 TBA No. 24083768
                                                 crubio@diamondmccarthy.com
                                                 Two Houston Center
                                                 909 Fannin, 37th Floor
                                                 Houston, TX 77010
                                                 Telephone: (713) 333-5100
                                                 Facsimile: (713) 333-5199

                                                 *Proposed Special Litigation Counsel to
                                                 Rodney D. Tow, Chapter 7 Trustee for the
                                                 Ventech Entities*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, pursuant to Local Rule 9003-1, this document was served on the U.S. Trustee and upon those parties registered to receive ECF notifications in this case on May 10, 2018.

*/s/ J. Maxwell Beatty*
J. Maxwell Beatty

APPLICATION TO EMPLOY
DIAMOND MCCARTHY LLP

## **Exhibit A**

Beatty Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| VENTECH ENGINEERS, L.P. *et al.*,[1] | § | Case No. 17-33203 |
| | § | |
| DEBTORS. | § | Joint Administration Requested |
| | § | |
| | § | (Chapter 7) |

DECLARATION OF J. MAXWELL BEATTY IN SUPPORT OF TRUSTEE'S
APPLICATION TO EMPLOY DIAMOND McCARTHY LLP
AS TRUSTEE'S SPECIAL LITIGATION COUNSEL

I, Jon Maxwell Beatty, declare under penalty of perjury as follows:

1.     I am an attorney at law duly admitted and in good standing to practice in Texas, and before the Second and Ninth Circuit Court of Appeals and the United States District Courts for the Southern and Western Districts of Texas and the Northern District of Illinois.  I am a partner in the Houston office of the law firm Diamond McCarthy LLP, located at 909 Fannin, 37th Floor, Houston, Texas 77010.

2.     I make this declaration in support of the Trustee's Motion to (1) Expand Employment of Diamond McCarthy LLP as Special Litigation Counsel (the "Application"). If called as a witness, I would and could testify competently to the matters stated herein.

3.     Unless otherwise indicated, capitalized terms have the meanings ascribed to them in the Application.

---

[1]     The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549) (the "Debtors").

4.      On May 26, 2017 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

5.      On August 9, 2017, the Court entered its order [Dkt. 25] authorizing the Trustee's employment of Diamond McCarthy LLP, 909 Fannin, 37th Floor, Houston, TX 77010 ("Diamond McCarthy") as general Bankruptcy counsel and approving the June 22, 2017, Engagement Agreement (the "Original Agreement").

6.      The Trustee now seeks to expand the scope of Diamond McCarthy's role as Special Litigation counsel to include the prosecution of potential litigation claims held by the Estate and Trustee against transferees of preferences and fraudulent transfers, insiders and affiliates of the Debtor and third parties, including, without limitation, specific partners or co-investors with the principal of the Debtor (Ventech Engineers, L.P.), (collectively herein as the "Contingency Litigation Claims" pursued as the "Contingency Litigation").

7.      This declaration is submitted pursuant to Bankruptcy Rule 2014(a) in support of the Trustee's Motion to (1) Expand Employment of Diamond McCarthy LLP as Special Litigation Counsel; and (2) Approve a Contingency Fee Agreement under Section 328 of the Bankruptcy Code (the "Application").  I have read the Application and hereby incorporate its factual statements.

8.      Details regarding the qualifications of Diamond McCarthy may be found at Diamond McCarthy's website at www.diamondmccarthy.com and as detailed in the Application.

9.      The expanded special litigation counsel services that Diamond McCarthy will provide to the Trustee include the prosecution of the Contingency Litigation Claims and the Contingency Litigation.  Diamond McCarthy will continue its service to the Trustee and Debtors' estates as bankruptcy counsel on the terms previously approved by the Court.

BEATTY DECLARATION

**Diamond McCarthy is Disinterested**

      10.    Diamond McCarthy performed the following actions to determine whether the it or any of its attorneys has any conflict of interest or connection that would preclude Diamond McCarthy from serving as the Trustee's bankruptcy counsel in these Chapter 7 Cases:

      a.    First, Diamond McCarthy did an initial conflict check with the Trustee as the prospective client, Ventech Engineers L.P.; Ventech Engineers LLC; Ventech Fabrication Services LLC; Ventech Engineers International LLC; Ventech Energy LLC; Ventech Engineers North America LLC; Ventech Engineers USA LLC; Ventech Vessel Fabricators LLC; Ventech Global Projects, Inc.; Ventech International Projects LLC; Ventech Global Construction, LLC; Ventech Modular Fabricators LLC; Ventech Refining Solutions LLC; Ventech Plant Constructors LLC; Ventech Engineers & Fabricators, LLC; Ventech Industrial Contractors, LLC; Ventech XTL LLC; and Ventech XTL Oklahoma City LLC as the Debtors, and Bank of America as secured creditor. The initial conflict check did not reveal any conflicts.

      b.    Second, either I or my staff sent emails to all email account holders within Diamond McCarthy requesting a conflict check be performed on the above adverse parties.  Such email also requested whether any user knew of any connection to the adverse parties.  Neither I nor my staff received any responses indicating that a conflict or connection exists.

      c.    Third, Diamond McCarthy performed a conflict check with each of the parties-in-interest set forth on Exhibit 2.  This search showed that Diamond McCarthy represented Logix Communications in an unrelated matter that has concluded.

      11.    The results of the foregoing conflict check process confirm that neither I, nor Diamond McCarthy, nor any of its members or associates, to the best of my knowledge, have any disqualifying connections with the Trustee, the Debtors, creditors, any other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.  Diamond McCarthy is not a creditor of the Debtors.

      12.    Diamond McCarthy has the following past and present connections to the Trustee. Unless otherwise noted, the cases assigned to Diamond McCarthy by the Trustee have

BEATTY DECLARATION

concluded.  Diamond McCarthy has represented the Trustee in the following matters unrelated to

this case:

a.   Diamond McCarthy serves as special counsel to Rodney Tow as the Chapter 7 trustee for the estate of Axon Rig Concept & Design, LLC, in In re Axon Rig Concept & Design, LLC in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 17-32332.  This is an on-going representation of the Trustee.

b.   Diamond McCarthy serves as general bankruptcy counsel to Rodney Tow as the Chapter 7 trustee for the estate of Thomas E. Fereday, Jr., in In re Thomas E. Fereday, Jr., in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 17-80214.  This is an on-going representation of the Trustee.

c.   Diamond McCarthy serves as general counsel to Rodney Tow as the Chapter 7 trustee for the estate of RDI Center in In re RDI Center, Inc. in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 17-32102.  This is an on-going representation of the Trustee.

d.   Diamond McCarthy serves as special counsel to Rodney Tow as the Chapter 7 Trustee for the estate of Peterson Group, Inc. in In re Peterson Group, Inc. in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 12-31550.  This is an on-going representation of the Trustee.

e.   Diamond McCarthy serves as special counsel to Rodney Tow as the Chapter 7 Trustee for the estate of Quincy Kwasi Aboagye Sintim and Shirley Mills Sintim in In re Quincy Kwasi Aboagye Sintim and Shirley Mills Sintim in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 17-30896.  This is an on-going representation of the Trustee.

f.   Diamond McCarthy serves as general counsel to Rodney Tow as the Chapter 7 trustee for the estate of Ventech Engineers, L.P., et al. in In re Ventech Engineers, L.P., et al. in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 17-33203. This is an on-going representation of the Trustee.

g.   Diamond McCarthy serves as general counsel to Rodney Tow as the Chapter 7 trustee for the estate of ATP Oil & Gas Corporation in In re ATP Oil & Gas Corporation in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 12-

36187. This is an on-going representation of the Trustee.

h.  Diamond McCarthy serves as general counsel to Rodney Tow as the Chapter 7 trustee for the estates of Garrison Municipal Partners, LP in In re Garrison Municipal Partners, LP in the United States Bankruptcy Court, Southern District of Texas, Houston Division, jointly administered under Case No. 14-32867. This is an on-going representation of the Trustee.

i.  Diamond McCarthy serves as general counsel to Rodney Tow as the Chapter 7 trustee for the estate of David Gordon Wallace, Jr. in In re David Gordon Wallace, Jr. in the United States Bankruptcy Court, Southern District of Texas, Houston Division, jointly administered under Case No. 14-31594. This is an on-going representation of the Trustee.

j.  Diamond McCarthy served as general counsel to Rodney Tow as the Chapter 7 trustee for the estate of Ahn Huynh Regent in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 15-31530.

k.  Diamond McCarthy served as the general counsel to Rodney Tow as the Interim Chapter 7 Trustee for the estate of Groves Hospital and Kiglapait Hospital Corp, in the United States Bankruptcy Court, Southern District of Texas, Houston, Division, administered under Case No. 15-30447.

l.  Diamond McCarthy served as special counsel and proposed general counsel to Rodney Tow as the Chapter 7 trustee for the estates of Cyrus II L.P., Bahar Development, Inc. and Mondona Rafizadeh in In re Cyrus II L.P., et al. in the United States Bankruptcy Court, Southern District of Texas, Houston Division, jointly administered under Case No. 05-39857-H1-7.

m.  Diamond McCarthy served as special litigation counsel to Rodney Tow as the Chapter 7 trustee for the estate of South Texas Wholesale Records and Tapes, Inc. in prosecuting adversary proceeding number 05-3171 against the CIT Group/Business Credit, Inc. asserting claims for breach of contract and usury in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 03-48096-H5-7.

n.  Diamond McCarthy served as special litigation counsel to Rodney Tow as the Chapter 7 trustee for the estate in the In re John Tullis Jones, III case, Case No. 04-33533-H2-7 in this Court, to prosecute adversary proceeding number 06-3255 seeking to recover property of

BEATTY DECLARATION

the estate and fraudulent transfers against various family trusts related to the debtor.

o.    Diamond McCarthy served as special litigation counsel to Rodney Tow as the Chapter 7 trustee for the estate in In re Shanks Tritter & Associates, P.C., Case No. 00-31161-H4-7 in this Court, to recover property of the estate.

p.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 trustee in the In re Links at West Fork case, Case No. 06-33688-H1-11 in this Court.

q.    Diamond McCarthy served as general counsel to Rodney Tow, as the Chapter 7 trustee in the Erwina and Bernardino Consunji case, Case No. 05-93516-H3-7 in this Court to advise and assist the Trustee in administering the assets of the Estate, including but not limited to, prosecution of the estate's litigation claims against Scott K. Pagano, D.C. and Campbell Chiropractic Clinic, P.C., d/b/a Campbell Chiropractic Wellness Center, Cause No. 2006-23838, pending in the 333rd Judicial District Court of Harris County, Texas.

r.    Diamond McCarthy served as general counsel to Rodney Tow, as the Chapter 7 trustee for the estate in In re 3120 Precinct Line Road, LLC case, Case No. 05-95001-H4-7 in this Court, to assist the Trustee in overseeing the administration of the estate's assets, including but not limited to, the prosecution of the estate's litigation claims against various third parties.

s.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate in the In re Shama Sheikh case, Case No. 06-34079 in this Court, to assist the Trustee in overseeing the administration of the estate's assets, including but not limited to, the prosecution of the estate's litigation claims against various third parties and recovery of estate property.

t.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate in the In re G.C. Medical Holdings, Inc. case, Case No. 06-35890 in this Court, to advise and assist the Trustee in investigating and prosecuting potential litigation claims against third parties and to recover property of the estate.

u.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate in the Royce Homes, LP case, Case No. 09-32467-H4-7, in this Court, to advise and assist the Trustee in investigating and prosecuting potential litigation claims against third parties and to recover property of the estate. This assignment has not

BEATTY DECLARATION

concluded.

v.   Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate of David Henley and Belinda Henly, Case No. 11-33438, in this Court to advise and assist the Trustee in investigating and prosecuting claims against the transferees of fraudulent transfers from the debtors.

w.   Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate of Charles R. Saden, Case No. 11-35051, in this Court to advise and assist the Trustee in disputes over the ownership and title to the major remaining assets of the estate, pending appeal of a suit between the debtor and the major creditor.

x.   Diamond McCarthy served as special litigation counsel to Rodney Tow, as the Chapter 7 Trustee for the estate of Hallmark Design Homes, LP, Case No. 09-38714, in this Court, to resolve control over property of the estate, including real estate and equity interests in operating businesses.

y.   Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estates of Northernstar Natural Gas, Inc. and Clearwater Port Holdings, LLC, Case No. 10-33856 and Case No. 10-33865, jointly administered under Case No. 10-33856 in this Court to advise and assist the Trustee in all matters affecting the estates in connection with an appeal to the FERC order pending before the 9th Circuit Court of Appeals and all matters affecting the estates in connection with the appeal to the LUBA order pending before the State of Oregon Court of Appeals.

13.   Diamond McCarthy practices law in the insolvency-related arena, and our practice includes insolvency-related litigation.   Consequently, Diamond McCarthy has "connections" with many of the attorneys and other professionals involved in the Debtors' Chapter 7 Cases.  Diamond McCarthy may have referred matters to other professionals involved in the Debtors' cases, and it may have been referred matters by such parties.  Diamond McCarthy may represent or have, from time to time, represented or been adverse to one or more of the professionals involved in the Debtors' Chapter 7 Cases.

BEATTY DECLARATION

14.     Diamond McCarthy personnel may also use some vendors that the Debtor used including American Express, Blue Cross Blue Shield of Texas, and Travelers Insurance.

15.     Neither I, nor Diamond McCarthy, nor any of its partners or associates, insofar as I have been able to ascertain, represents any interest adverse to the Debtors.  To the best of my knowledge, Diamond McCarthy is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, in that Diamond McCarthy, its partners, counsel, and associates:

>    a.  are not creditors, equity security holders or insiders of the Debtors;
>
>    b.  are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtors; and
>
>    c.  do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

16.     Despite Diamond McCarthy's best efforts to identify and disclose its connections with the adverse parties in the Debtors' Chapter 7 Cases, Diamond McCarthy is unable to state with absolute certainty that every client representation or other connection has been disclosed. In this regard, if Diamond McCarthy discovers additional information that requires disclosure, Diamond McCarthy will file a supplemental disclosure with the Court.

**Proposed Contingency Fee Terms**

17.     The Trustee proposes to expand the scope of Diamond McCarthy's service as special litigation counsel to undertake the Contingency Litigation on a contingency fee basis and Diamond McCarthy has agreed to undertake this expanded representation pursuant to the terms of the Supplemental and Amended Engagement Agreement[2]  ("Supplemental Agreement"), a

---

[2]  The summaries of the Supplemental Agreement's terms provided in this Declaration and the Contingency Retention Motion are for informational purposes only.  The Supplemental Agreement itself

BEATTY DECLARATION

true and correct copy of which is attached as Exhibit 2 to the Application.   The Supplemental Agreement is subject to approval by the Court under Bankruptcy Code section 328(a).

18.   Diamond McCarthy will be compensated for its services only when the Trustee obtains a Recovery (as defined in the Supplemental Agreement), either through settlement, judgment, reduction or elimination of claims against the Estate, or otherwise. The compensation provisions approved in the Original Agreement will continue to govern Diamond McCarthy's compensation for the work performed as General Bankruptcy Counsel to the Trustee.

19.   For representing the Trustee in prosecuting to the Contingency Litigation Claims, Diamond McCarthy shall earn a contingency fee based on a percentage of the Estate's Recoveries.  The contingency fee is payable by the Estate as set forth below, which contingency fee shall be approved in advance with the Supplemental Agreement and the Application under 11 U.S.C. § 328(a):

- As detailed in Section 5(b) of the Supplemental Agreement, in the event that the Trustee and the Estate receives a Recovery pursuant to a settlement, judgment, arbitral award or otherwise in connection with the Contingency Litigation.
- Diamond McCarthy shall be entitled to a contingency fee of 40% of such recoveries plus reimbursement of expenses.

20.   As explained above and detailed in the Supplemental Agreement, Diamond McCarthy will advance out of pocket expenses for the Contingency Litigation.   Diamond McCarthy will also bill the estate for all reasonable and necessary out-of-pocket expenses

---

will govern the terms of the Trustee's employment of and compensation of Diamond McCarthy in the Contingency Litigation.  In the event of any conflict between the information provided in this Declaration or the Contingency Retention Motion and the terms Supplemental Agreement, the Supplemental Agreement controls.

BEATTY DECLARATION

incurred pursuant to Supplemental Agreement. Diamond McCarthy will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of reimbursement applications filed pursuant to 11 U.S.C. § 328. Pursuant to Section 6 of the Supplemental Agreement, these out of pocket expenses will be reimbursed from Gross Recoveries.

21.     The contingency fee terms outlined above and specified in the Supplemental Agreement are the result of arm's length negotiations between the Trustee and Diamond McCarthy.   The Trustee presents that the proposed contingency fee terms set forth in the Supplemental Agreement are fair, reasonable and in the best interest of the Debtors' estates and their creditors.

22.     Notwithstanding anything to the contrary contained in the Application and its supporting papers, including the Agreement, but subject to the provisions of 11 U.S.C. §328(a), Diamond McCarthy agrees that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the United States Trustee Fee Guidelines ("UST Guidelines") will apply and prevail.

23.     In seeking compensation and out-of-pocket expense reimbursement, Diamond McCarthy will comply with the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the UST Guidelines.

24.     Notwithstanding anything in the Supplemental Agreement to the contrary, interest on compensation or expense reimbursement will not be charged except upon further motion to and order from the Court.   Diamond McCarthy understands and acknowledges that all compensation under the Supplemental Agreement is subject to Section 328(a) of the Bankruptcy Code.

BEATTY DECLARATION

25.     Diamond McCarthy's representation of the Trustee pursuant to the Application is anticipated to continue past confirmation of a plan of reorganization/liquidation through the closing of the Bankruptcy Case, with withdrawal from such representation at any other time to be allowable only pursuant to an order of this Court.

26.     I acknowledge and affirm that by accepting this representation, Diamond McCarthy acknowledges that it has, and agrees that it has a fiduciary duty to the Trustee as the Trustee in the Bankruptcy Case and shall act in accordance with its fiduciary duties.

27.     If, after appropriate notice from Diamond McCarthy to the Trustee, the Trustee does not request the return of Trustee's papers and property, if any, from Diamond McCarthy, Diamond McCarthy may destroy such records and property after 3 years from the date the Bankruptcy Case closes, unless Diamond McCarthy is otherwise subject to longer record retention requirements under state or federal law.

28.     Diamond McCarthy recognizes the duty to disclose connections pursuant to Bankruptcy Rule 2014 is a continuing obligation and will amend and supplement this statement should additional connections arise in the course of this representation.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct and this declaration is executed at Houston, Texas, May 10, 2018.

By:  */s/ J. Maxwell Beatty*
_____
J. Maxwell Beatty

## **Exhibit B**

Engagement Letter



# DIAMOND McCARTHY LLP

**Attorneys & Counselors**

909 Fannin Street | 37th Floor | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199

Writer's Direct Dial Number
(713) 333-5149

E-Mail Address
mbeatty@diamonDiamond McCarthyccarthy.com

April 9, 2018

Rodney D. Tow, Trustee
Rodney Tow, PLLC
1122 Highborne Cay Court
Texas City, Texas 77590

> **CONFIDENTIAL & PRIVILEGED**
> **ATTORNEY COMMUNICATION**

RE:   **Engagement Agreement to Serve as Special Litigation Counsel to Rodney D. Tow, Chapter 7 trustee (the "Client" or "you") in the <u>bankruptcies filed by the Ventech Entities</u>**

Dear Mr. Tow:

We appreciate being asked to serve as special litigation counsel to you in your capacity as chapter 7 trustee of the following entities: Ventech Engineers L.P.; Ventech Engineers LLC; Ventech Fabrication Services LLC; Ventech Engineers International LLC; Ventech Energy LLC; Ventech Engineers North America LLC; Ventech Engineers USA LLC; Ventech Vessel Fabricators LLC; Ventech Global Projects, Inc.; Ventech International Projects LLC; Ventech Global Construction, LLC; Ventech Modular Fabricators LLC; Ventech Refining Solutions LLC; Ventech Plant Constructors LLC; Ventech Engineers & Fabricators, LLC; Ventech Industrial Contractors, LLC; Ventech XTL LLC; and Ventech XTL Oklahoma City LLC (collectively, the "<u>Ventech Entities</u>").

I am sending you this engagement letter, which when executed by all the parties will govern the relationship between Diamond McCarthy LLP ("<u>Diamond McCarthy</u>" or the "<u>Firm</u>") and you. This letter and the attached *Additional Terms of Engagement* set forth the terms of your engagement of Diamond McCarthy (the "<u>Agreement</u>"). The entry into the Agreement is subject to Bankruptcy Court approval.

If you have any questions about the Agreement, or any aspect of the engagement or our relationship, please contact me immediately. We look forward to an active, collaborative working relationship with You.

(1)   <u>**General Scope of Services**</u>. The Firm agrees to represent you as litigation

Page 1 of 14

counsel in its investigation, analysis, preparation of legal demands, negotiation of settlement terms and, if necessary preparation, filing, and pursuit of avoid actions against third parties including all related legal proceedings including any appeals.  Collectively, all such claims and potential claims shall be referred to collectively herein as the "Contingency Litigation Claims" or "Contingency Litigation."

The Firm is undertaking the Contingency Litigation on a contingency fee basis which is subject to the terms and conditions specified herein.  We will be compensated for its services only when the Client obtains a Recovery (as defined in Section 5 below) either through settlement, judgment, arbitral award or otherwise.

I will be the partner responsible for this matter including all client related issues and all litigation filed in connection therewith.  Other attorneys and legal assistants from the Firm may participate in the representation from time to time to bring to bear particular expertise or cost efficiencies.

(2)    **Your Responsibility As Client.**  In connection with the Contingency Litigation, You and Your representatives agree to use reasonable efforts to appear on reasonable notice at any and all depositions, mediations, and litigation related proceedings to the extent deemed necessary or considered mutually desirable by us.  Other than attendance at meetings, depositions, etc., as above described, You and Your representatives will comply with, and reasonably cooperate with, all of our reasonable requests in connection with the pursuit of the Contingency Litigation.  Likewise, We will make ourselves reasonably available to You as may be appropriate, answer any questions as may be appropriate, and give You sufficient time to act or react to our requests for review of, or responses to, discovery or other requests.

(3)    **Conflicts**.  We have run an internal conflict check and have discovered no conflicts of interest that would preclude our representation of You in this matter.

(4)    **Settlement**.  You will have the sole and exclusive right to accept or reject any offers for settlement of the Contingency Litigation Claims. You acknowledge and agree to weigh our opinions and recommendations with respect to all settlement matters carefully.

(5)    **The Firm's Compensation**.   For representing the Client in the Contingency Litigation, Diamond McCarthy shall earn a contingency fee payable by the Client as set forth below:

(a)    "Gross Recovery," "Gross Recoveries" or "Recovery," for the purposes of this Letter of Engagement, means any and all monetary payments received by the Client arising, pertaining to, or resulting from the pursuit of the Contingency Litigation Claims prior to any deductions or consideration of expenses incurred in the Contingency Litigation.  For the purposes of calculating the appropriate contingency fee, a monetary Recovery is "received" when Client or its legal counsel takes physical possession of any monetary Recovery.

(b)      In the event you receive a Recovery pursuant to a settlement, judgment, arbitral award, or otherwise in connection with the Contingency Litigation, Diamond McCarthy shall be entitled to forty percent (40%) of all Gross Recoveries so received;

(c)      <u>Non-cash Settlement(s).</u>      In the event that the Contingency Litigation Claims are settled in whole or in part by the Client's receipt of anything of value other than a cash payment(s), the Firm shall be entitled to demand and receive (i) payment in cash of our applicable contingent percentage of the present value of any noncash consideration, plus any cash received upon settlement; or (ii) an undivided interest in any property received by the Client equal to Diamond McCarthy's applicable contingent percentage as set forth above with respect to Our Contingent Fee, plus payment of Diamond McCarthy's applicable contingent percentage of any cash received as a result of the settlement.

**(6)      Expenses**.   We have agreed that Diamond McCarthy will pay all out-of-pocket expenses in the litigation for which Diamond McCarthy will be entitled to reimbursement from any Gross Recovery.  We anticipate that we will incur certain expenses for, *inter alia*, expert witnesses, photocopying, postage, facsimiles, long-distance telephone calls, travel, delivery, and computerized research.  After any settlement of the lawsuit or if the lawsuit is decided in our favor, expenses shall be paid to counsel after the contingency fee is calculated based on Gross Recoveries.

**(7)      <u>Legal Rights of Clients and Counsel Regarding Termination and Withdrawal.</u>**

(a) **<u>Termination of Representation</u>**.   You may terminate the Firm's representation with or without cause by giving notice in writing to me at the address above.  In the event that You terminate the representation, withdraw or discontinue the prosecution of claims set forth in paragraph 1 above, or otherwise discharge Diamond McCarthy, You agree to pay the Firm the reasonable value of the services rendered through the date of such termination, based on the Firm's prevailing rates, in the event of any eventual recovery.

(b) **<u>The Firm's Right To Withdraw</u>**.   Diamond McCarthy expressly reserves the right to withdraw without your consent where withdrawal is consistent with the Texas Code of Professional Responsibility.  In the event that the Firm decides to withdraw based upon an established material breach of this agreement, then seven days notice will be sufficient.  If, on the other hand, Diamond McCarthy desires to withdraw for any other good reason, not inconsistent with the terms of this Letter of Engagement, and you prefer to continue with the litigation, then the Firm will defer its effective date of withdrawal to allow you reasonable time (not to exceed two months) to retain substitute counsel.  If the Firm decides to withdraw from representing You pursuant to this paragraph, then it will lose the right to be paid any contingency fee.

**(8)      <u>Payment of Proceeds To the Firm</u>**.   You agree that any recoveries from any litigation brought on your behalf shall be paid in the first instance to Diamond McCarthy.  You agree

Page 3 of 14

that if Your claims are settled piecemeal that Your obligation as to any recoveries actually received triggers Diamond McCarthy's right to be paid as soon as practicable (i.e., Diamond McCarthy's right to fees is not dependent on resolving all claims). Upon receipt of any recoveries, Diamond McCarthy will be entitled to any reimbursable expenses and its applicable contingency fee, after which we will distribute your net proceeds directly to you along with an itemization of the accounting supporting the calculations.

   **(10)   No Reliance**.   It is understood and agreed that neither Client or its representatives, nor Diamond McCarthy is relying on any representations or statements made by each other, including relating to the potential economic damages that could be sought in the Contingency Litigation and that each of the parties represents and warrants that entering into this Agreement is on reliance of its own judgment, beliefs and knowledge.

   **(11)   No Guarantees.**   You hereby acknowledge that Diamond McCarthy has made no guarantees regarding the successful outcome of any actual or potential litigation arising out of this Letter of Engagement and that any and all expressions about the possible outcome(s) of such litigation are only preliminary opinions.

   **(12)   Your Independent Determination as to Fairness and Reasonability.** You acknowledge that: (i) the Firm did not act as counsel to You or its representatives in preparing or negotiating this Letter of Engagement; (ii) You and Your representatives have made sufficient investigation and inquiry to determine that this Letter of Engagement is fair and reasonable; (iii) this agreement was the product of an arm's length negotiation between You and Your representatives and the Firm; (iv) You and Your representatives have had ample opportunity to review the agreement independently and, to the extent that You have chosen to do so, with separate counsel; and (v) You are entering into this engagement freely and voluntarily.

   **(13)   Severability.** In case any one or more of the provisions contained in this Letter of Engagement shall for any reason be found unenforceable in any respect, the parties agree that such unenforceability shall not affect any other provision, and that all other provisions of this Letter of Engagement shall remain valid and enforceable.

   **(14)   Survival**.   The parties intend that this Letter of Engagement shall be binding on Client's successors and assigns and is enforceable by such successors and assigns and the Firm, each against the other.  Such successors and assigns shall have the option to engage the Firm on the terms set forth herein.  In the event Diamond McCarthy does not accept such engagement, then the Firm shall be deemed to have terminated this engagement pursuant to paragraph 7(b), above.  In the event such successors and assigns do not agree to engage the Firm on the terms set forth herein, then the successors and assigns shall be deemed to have terminated this engagement pursuant to paragraph 7(a), above.

   **(15)   Governing Law.** This agreement shall be construed in accordance with the laws of the State of Texas, without regard for its conflict of laws rules.

**(16)    Integration: Amendment**. This Letter of Engagement constitutes the final, sole, and only agreement of the parties hereto regarding the Firm's fees and the parties' duties and obligations in this matter, and supersedes any prior written or oral understandings or agreements between the parties respecting those subjects. This Letter of Engagement may not be modified, amended, or replaced except by another written agreement signed by the parties hereto, or their successors or assigns.

**(17)    Execution in Counterparts**.  It is understood and agreed that this Letter of Engagement may be executed in a number of identical counterparts, each of which shall be deemed an original for all purposes, but all of which shall constitute one and the same agreement.

**(18)    Effective Date**. This Letter of Engagement shall become effective upon the date first written in the signature block below.

**(19)    Dispute Resolution.**  In the event any disputes arise in connection with this Letter of Engagement, such disputes shall be submitted to non-binding mediation first and, if unsuccessful, shall then be submitted to arbitration before the American Arbitration Association in Houston, Texas for resolution.

**(20)    Availability of ADR**.  The parties hereto are fully cognizant of the fact that various ADR (Alternative Dispute Resolution) techniques and procedures may be available to resolve any litigation arising out of the pursuit of Your claims.  These techniques and procedures include, *inter alia*, mediation, non-binding arbitration, mini-trial, summary jury trial and early case evaluation.  During the progress of the representation, We will provide guidance to You regarding the availability and potential use of ADR to resolve such litigation as it is necessary.

If you have any questions about this Letter of Engagement, please feel free to contact me at any time.  If this Letter of Engagement accurately reflects our agreement, please sign the enclosed copy of this letter and return it to me.  Thank You again for the opportunity to represent You in this matter.  We sincerely look forward to working with You to produce the best results possible for You and Your beneficiaries.

Very truly yours,

DIAMOND MCCARTHY LLP

J. Maxwell Beatty

Partner

**ACCEPTED AND AGREED:**

This ____ day of _____ 2018.

By: _____

Rodney D. Tow

Chapter 7 Trustee for the Ventech Entities

## ADDITIONAL TERMS OF ENGAGEMENT

These are the *Additional Terms of Engagement* referred to in our engagement letter. Because they are an integral part of our agreement to provide legal services, we ask that You review this document carefully and retain it for Your files. If You have any questions after reading it, please contact us promptly.

### Who Will Provide the Legal Services?

In most cases, one attorney will be Your principal contact. From time to time, that attorney may delegate parts of Your work to other lawyers or to legal assistants or non-legal professionals in the firm. For example, we do this in order to involve those with special knowledge or experience in an area and to provide service to You in a timely and efficient manner.

In addition to professionals directly employed by the Firm, in the course of this engagement it may be appropriate to retain persons of special training or expertise to assist in our provision of legal services, including local counsel. Because there are privileges that may apply to services that an attorney requests from a third party, it may be advisable for the Firm to assume responsibility for hiring such experts, with Your prior consent. You will be obligated to pay the fees and expenses of such experts, whether they are retained by the Firm or by You directly, in accordance with the terms set forth in this Letter of Engagement.

### The Scope of the Representation

As lawyers, we undertake to provide representation and advice on the legal matters for which we are engaged, and it is important that we both have a clear understanding of the legal services that the firm has agreed to provide. In our engagement letter with You, we specify the matter in which we will provide representation and the scope of the services we will provide. If there are any questions about the terms of engagement, including the scope of the representation that we are to provide in the matter, please raise those questions promptly with Your principal contact at the firm.

We cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding Your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control.

### Who Is Our Client?

It is our policy to represent only the person or entity identified in our engagement letter and not any affiliates. For example, unless otherwise specifically stated in our engagement letter, if You are a corporation or partnership, our representation does not include any parents, subsidiaries, employees, officers, directors, shareholders, or partners of the corporation or partnership, or commonly owned corporations or partnerships; if You are a trade association, our representation excludes members of the trade association; if you are a Trustee, our representation does not include anyone other than you

in your capacity as Trustee; if You are an individual, our representation does not include Your employer, partners, spouse, siblings, or other family members.

**Your Cooperation**

To enable us to provide effective representation, You agree to: (i) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request; (ii) keep us apprised on a timely basis of all developments relating to the representation that are or might be material; (iii) attend meetings, conferences, and other proceedings when it is reasonable to do so; and (iv) otherwise cooperate fully with us.  A lawyer has an ethical obligation to preserve confidences and secrets of a client.  That duty is one we regard with the utmost seriousness.

**Our Relationships With Others**

Our law firm represents many companies and individuals.  In some instances, the applicable rules of professional conduct may limit our ability to represent clients with conflicting or potentially conflicting interests.  Those rules of conduct often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from representing another.  In other situations, we may be permitted to represent a client only if the other clients consent to that representation.

If a controversy unrelated to the subject matter of the representation develops between You and any other client of the firm, we will follow the applicable rules of professional responsibility to determine whether we may represent either You or the other client in the unrelated controversy.  In making this determination, we will consider Your agreement to the Conflicts of Interest provisions in these *Additional Terms of Engagement.*

**Conflicts of Interest**

Increasingly, conflict of interest is a concern for lawyers and their clients today.  We do not believe that there is a conflict between Your interests and claims that we intend to bring.  Of course, if we perceive of such a conflict, we will raise the issue with You immediately.

We attempt to identify actual and potential conflicts at the outset of any engagement, and may request that You sign a conflict waiver before we accept an engagement from You.  Occasionally, other clients or prospective clients may ask us to seek a conflict waiver from You so that we can accept an engagement on their behalf.  Please do not take such a request to mean that we will represent You less zealously; rather, that we take our professional responsibilities to all clients and prospective clients very seriously.  Unfortunately, conflicts sometimes arise or become apparent after work begins on an engagement.  When that happens, we will do our best to address and resolve the situation in the manner that best serves the interests of all of our affected clients.

Because there are several attorneys in our firm, we may be asked to represent someone whose interests may be adverse to Yours.   We wish to be able to represent You and to consider the representation of the other entities, as well as other persons who may have interests that are potentially adverse to You, but only with respect to matters that are not substantially related to Our

representation of You in this Engagement. The ethics that govern us permit us to accept such multiple representations, assuming certain requirements are met. During the term of this Engagement, we agree that we will not accept any representation of another client to pursue interests that, to our knowledge, are directly adverse to Your interests unless the following criteria are met: (i) we notify You of a potential conflict with the other client and You consent in writing to the representation; (ii) there is no substantial relationship between this Engagement and the matter for the other client; (iii) any confidential information that we have received from You will not be utilized by the lawyers and other Firm personnel involved in the representation of the other client; (iv) our effective representation of You and the discharge of our professional responsibilities to You will not be prejudiced by Our representation of the other client; and (v) the other client has also consented in writing to Our undertaking the two representations.

Rules concerning conflicts of interest vary with the jurisdiction. In order to avoid any uncertainty, our policy is that both the New York and Texas Disciplinary Rules of Professional Conduct will be applicable to the representation. Your acceptance of our engagement letter means You agree with that policy, unless the engagement letter specifically states that some other rules of professional responsibility will govern our attorney-client relationship.

### Charges For Other Expenses And Services

All Expenses will be handled as set forth in the engagement letter.

We generally make and retain copies of all documents generated or received by us in the course of Your representation. Should You request documents from us at the conclusion of our representation of You (other than Your original documents), You agree that we may generate copies for our files at Your expense, including both the reproduction charges and professional fees for time expended in reviewing files to be returned to You. This paragraph is subject to the provisions of "Document Retention" below.

### Billing Arrangements and Terms of Payment

We will bill for You as set forth in the engagement letter.

### Document Retention

We are required by certain laws or regulations to retain records of our Engagement for minimum periods of time. Barring a legal duty or other obligation to retain records associated with an Engagement for a longer period, at the conclusion of the representation, we shall return to You the original documents You sent to us, and, in addition, any other documents that are specifically requested to be returned or sent to You (such as, copies of depositions, court documents, etc.). As to any original documents so returned, we may elect to keep, at our expense, a copy of the documents in our stored files. Should You request other documents from us at the conclusion of our representation of You, You agree that we may generate copies for our files.

At the close of any matter, we usually send the pertinent parts of our files in that matter to a storage facility for storage at our expense, including "work product" accumulated during the course of Our

Engagement, which will be owned by the Firm. "Work product" includes documents intended for internal law office review or otherwise reflecting preliminary or tentative conclusions of an attorney that are not ultimately communicated to You, and Diamond McCarthy administrative records such as client screening documents. However, we do not store voluminous papers at our expense. The attorney closing the file will determine what part of the file is sent to storage and how long we will maintain the files in storage. Documents we choose not to store will be returned to You or destroyed.

**Disclaimer**

By signing the engagement letter or otherwise indicating Your acceptance of the engagement letter, _You acknowledge that Diamond McCarthy, LLP has made no promises or guarantees to You about the outcome of the representation, and nothing in these terms of engagement shall be construed as such a promise or guarantee_. Either at the commencement or during the course of the representation, we may express opinions or beliefs about the matter or various courses of action and the results that might be anticipated. Any expressions on our part concerning the outcome of the representation, or any other legal matters, are based on our professional judgment and are not guarantees.

**Our Professional Responsibility**

The code of professional responsibility to which we are subject lists several types of conduct or circumstances that require or allow us to withdraw from representing a client. These include, for example, nonpayment of fees or charges, misrepresentation or failure to disclose material facts, action contrary to our advice, and conflict of interest with another client.

We try to identify in advance and discuss with our clients any situation that may lead to our withdrawal. If withdrawal ever becomes necessary, we give our client written notice as soon as practicable.

Under rules of the Texas Supreme Court and the State Bar of Texas, we advise our clients of the contents of the Texas Lawyer's Creed, a copy of which is enclosed. We also advise Our clients of the contents of Part 1215 to Title 22 of the Official Compilations of Codes, Rules and Regulations of the State of New York, entitled "Written Letter of Engagement", a copy of which is attached.

In addition, we advise clients that the State Bars of New York and Texas investigate and prosecute complaints of professional misconduct against attorneys licensed in New York and Texas. A brochure entitled *Attorney Complaint Information* is available at all of our offices and is likewise available upon request. A client that has any questions about State Bar's disciplinary process should call the Office of the General Counsel of the State Bar of Texas at 1-800-932-1900 toll free or the Department Disciplinary Committee for the First Department at 1-212-401-0800.

**Modification Of Our Agreement**

The engagement letter and these *Additional Terms of Engagement* reflect our entire agreement on the terms of this engagement. These written terms of engagement are not subject to any oral agreements or understandings, and any change in those terms can only be made in a writing signed by Diamond McCarthy, LLP and You which is approved by the Bankruptcy Court.

**Termination**

We hope and trust that our relationship with you will be mutually satisfactory. Nevertheless, You are free to terminate our Engagement at any time, unless judicial approval is required for us to withdraw, in which event we agree not to oppose such withdrawal. Subject to Bankruptcy Court approval, we may terminate our Engagement to represent You if you fail to honor the terms of our Engagement or if, in Our professional judgment, we are unable to continue representation consistent with Our ethical obligations. Notwithstanding any such termination, subject to Bankruptcy Court approval, You will remain liable to pay all of our fees and charges incurred up to the date of termination as provided in section 7 of the engagement letter.

Our attorney-client relationship will be terminated upon our completion of the specific services that You have retained us to perform. If you later retain us to perform further or additional services, Our

attorney–client relationship will be revived, subject to these and any supplement terms of the new engagement.  The fact that we may inform You from time to time of developments which may be of interest to You, by newsletter or otherwise, should not be understood to be a renewal of an attorney-client relationship.  Moreover, we have no obligation to inform You of such developments in the law unless we are specifically engaged in writing to do so.

If this or any subsequent Engagement involves the taking of a security interest or lien on the property of another, you are advised that applicable law may provide that public filings giving notice of security interests or liens must be preserved by further public filing prior to expiration of a prescribed period of time (e.g., five years in the case of renewal notices of security interests granted under the New York Commercial Code).  Failure to make timely renewal filings could result in the loss of the security interest or lien.  We do not undertake to schedule or make renewal filings in Your behalf.  However, if you need assistance in making renewal filings in the future, We will be pleased to assist You at that time.

**Applicable Law: Dispute Resolution**

This Letter of Engagement, and any disputes arising out of or relating to the Engagement, will be governed by and construed in accordance with the laws of the State of New York.  In the event there any disputes regarding our invoices, such disputes must be submitted to the Bankruptcy Court for resolution.

### THE TEXAS LAWYER'S CREED — A Mandate for Professionalism

*The Texas Supreme Court and the Texas Court of Criminal Appeals adopted this Creed, with the requirement that lawyers advise their clients of its contents when undertaking representation.*

I am a lawyer; I am entrusted by the People of Texas to preserve and improve our legal system.  I am licensed by the Supreme Court of Texas.  I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules.  I am committed to this Creed for no other reason that it is right.

**I.**       **OUR LEGAL SYSTEM.**  A lawyer owes to the aDiamond McCarthyinistration of justice personal dignity, integrity, and independence.  A lawyer should always adhere to the highest principles of professionalism.  I am passionately proud of my profession.  Therefore, "My word is my bond."  I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.  I commit myself to an adequate and effective pro bono program.  I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.  I will always be conscious of my duty to the judicial system.

**II.**       **LAWYER TO CLIENT.**  A lawyer owes to a client allegiance, learning, skill, and industry.  A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives.  A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.  I will advise my client of the contents of this Creed when undertaking representation.  I will endeavor to achieve my client's lawful objectives in legal

# DIAMOND McCARTHY LLP

March 19, 2018
Page 13

transactions and in litigation as quickly and economically as possible. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice. I will advise my client that civility and courtesy are expected and are not a sign of weakness. I will advise my client of proper and expected behavior. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party. I will advise my client that we will not pursue tactics which are intended primarily for delay. I will advise my client that we will not pursue any course of action which is without merit. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

**III.        LAWYER TO LAWYER.** A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct. I will be courteous, civil, and prompt in oral and written communications. I will not quarrel over matters of form or style, but I will concentrate on matters of substance. I will identify for other counsel or parties all changes I have made in documents submitted for review. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are canceled. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence. I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party. I will refrain from excessive and abusive discovery. I

# DIAMOND McCARTHY LLP

March 19, 2018
Page 14

will comply with all reasonable discovery requests.  I will not resist discovery requests which are not objectionable.  I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process.  I will encourage witnesses to respond to all deposition questions which are reasonably understandable.  I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.  I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.  I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

**IV.        LAWYER AND JUDGE.**  Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack.  Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.  I will always recognize that the position of judge is the symbol of both the judicial system and aDiamond McCarthyinistration of justice.  I will refrain from conduct that degrades this symbol.  I will conduct myself in court in a professional manner and demonstrate my respect for the Court and the law.  I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.  I will be punctual.  I will not engage in any conduct which offends the dignity and decorum of proceedings.  I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.  I will respect the rulings of the Court.  I will give the issues in controversy deliberate, impartial and studied analysis and consideration.  I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to aDiamond McCarthyinister justice and resolve disputes.

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **VENTECH ENGINEERS, L.P. *et al.*,**[1] | § | **Case No. 17-33206** |
| | § | |
| **DEBTORS.** | § | **Joint Administration Requested** |
| | § | |
| | § | **(Chapter 7)** |

### ORDER APPROVING TRUSTEE'S APPLICATION TO EMPLOY DIAMOND McCARTHY LLP AS SPECIAL LITIGATION COUNSEL FOR THE TRUSTEE

Upon the application (the "Application")[2] filed by Rodney D. Tow, chapter 7 trustee for the Debtors (the "Trustee") for retention and appointment of Diamond McCarthy LLP ("Diamond McCarthy") as special litigation counsel, pursuant to §§ 327(a), 328 and 330 of the Bankruptcy Code, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon consideration of the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the Beatty Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Orders and procedures of this Court; (v) Diamond McCarthy does not represent an interest adverse to the Debtors' estates with respect

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549) (the "Debtors").

[2] Capitalized terms not defined herein have the meaning set forth in the Application.

to the matters upon which they are to be engaged and are "disinterested persons" within the meaning of that term under § 101(14) of the Bankruptcy Code; (vi) Diamond McCarthy is qualified to represent the Debtors' estates under § 327 of the Bankruptcy Code; (vii) the terms of Diamond McCarthy's employment have been disclosed and are reasonable under the circumstances; (viii) retention of Diamond McCarthy under section 328 of the Bankruptcy Code is appropriate under the circumstances; (ix) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (x) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (xi) the relief sought in the Application is in the best interests of the Debtors and their estates; (xii) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. In accordance with §§ 327(a), 328 and 330 of the Bankruptcy Code, the Trustee is authorized to employ and retain Diamond McCarthy, as his special litigation counsel, under the terms and conditions set forth in the Application and the Engagement Agreement attached hereto as Exhibit A.

2. Diamond McCarthy is authorized to perform any and all legal services for the Trustee that are necessary or appropriate in connection with these Chapter 7 Cases.

3. Diamond McCarthy shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application pursuant to § 328 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any other applicable Orders of this Court.

4.      All compensation for services rendered and reimbursement for expenses incurred during these Chapter 7 Cases shall be paid after further application to and order of this Court, in accordance with section 328 of the Bankruptcy Code and any other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and Orders of this Court in these Chapter 7 Cases.

5.      This order shall be immediately effective and enforceable upon entry.

6.      This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

7.      The Trustee and Diamond McCarthy are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2018

_____
**UNITED STATES BANKRUPTCY JUDGE**