**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** | § | **Case No. 17-33203** |
| ***et al.*,**[1] | § | |
| | § | **Jointly Administered** |
| **DEBTORS.** | § | |
| | § | **Chapter 7** |

**TRUSTEE'S MOTION FOR AUTHORIZATION PURSUANT**
**TO 11 U.S.C. §§ 105, 361 AND 363 FOR USE OF CASH COLLATERAL**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EXPEDITED CONSIDERATION OF THIS MOTION HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, chapter 7 trustee (the "Trustee") of the estates of the debtors in the above-captioned chapter 7 cases (collectively, the "Debtors"), files this motion (the "Motion") pursuant to 11 U.S.C. §§ 105, 361 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") for authorization to use cash collateral.

## RELIEF REQUESTED

1.      The Trustee seeks entry of an order, substantially in the form of the order attached hereto, authorizing the Trustee to use cash collateral, as such term is defined in § 363(a) of the Bankruptcy Code ("Cash Collateral").  In accordance with Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the following is a summary of the terms of the proposed use of Cash Collateral:

| Material Provision | Summary Description of Material Provision |
|---|---|
| **Parties with Asserted Interests in Cash Collateral** Fed. R. Bankr. P. 4001(b)(1)(B)(i) | Debtors are parties to a Credit Agreement dated May 22, 2014, with Bank of America, N.A. ("BofA") as lender.  Under that agreement, BofA loaned the Debtors working capital and issued certain letters of credit related to the Debtors' then-ongoing projects.  The Debtors' obligations under the credit agreement are secured by first-priority liens on, among other things, the Debtors' cash collateral and an office building located at 100 Pasadena Blvd., Pasadena, Texas 77506 (the "Ventech Building"). |
| **Purpose/Use of Funds** Fed. R. Bankr. P. 4001(b)(1)(B)(ii) Order, ¶ 2–4 | The Trustee shall use Cash Collateral for the costs of administering and liquidating the Debtors' remaining assets, in compliance with the budget attached hereto as **Exhibit A** (the "Budget").  The Trustee and BofA seek authority to amend the Budget by agreement without further order of this Court. |
| **Duration** Fed. R. Bankr. P. 4001(b)(1)(B)(iii) Order, ¶ 6 | The Trustee seeks to use the Cash Collateral for the duration of these chapter 7 cases. |
| **Adequate Protection** Fed. R. Bankr. P. | BofA will receive replacement liens on any and all unencumbered property of the Debtors, including any recoveries from litigation. |

| 4001(b)(1)(B)(iii) Order, ¶¶ 7–10 | Additionally, BofA shall be entitled to a super priority administrative expense claim under s§ 507(b) of the Bankruptcy Code for any diminution in value of BofA's collateral since the Petition Date (defined below). |
| --- | --- |

## JURISDICTION

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The statutory bases for the relief requested in this Motion are §§ 105(a), 361 and 363 of title 11 of the Bankruptcy Code.

## BACKGROUND

5.    On May 26, 2017 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code thereby commencing the Debtors' chapter 7 cases.

6.    Rodney D. Tow was appointed as chapter 7 trustee for the Debtors' estates on May 30, 2017.  Since then, the Trustee has proceeded with reducing the Debtors' assets into cash for distribution to creditors.  The Trustee will also pursue certain avoidance actions against creditors or others who may be liable to the Debtors' estates.

7.    At this time, the Trustee is pursuing a sale of the Ventech Building, which formerly served as the Debtors' main office building.  With consent from BofA, the Trustee has maintained the Ventech Building by ensuring that it has utility services and appropriate insurance coverage.

## BASIS FOR RELIEF

8.    Section 363 of the Bankruptcy Code governs a trustee's use of cash collateral. Under § 363(c)(2), a trustee may not use cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes

such use, sale, or lease in accordance with the provisions of this section."  11 U.S.C. § 363(c)(2).

Section 363(a) of the Bankruptcy Code defines "cash collateral" as follows:

> [C]ash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(c)(2).

9.      It is universally acknowledged that a debtor's cash "is the life blood of the business" and the bankruptcy court must assure that such "is available for use even if to a limited extent."  *In re Mickler*, 9 B.R. 121, 123 (Bankr. M.D. Fla. 1981).  Courts typically authorize a trustee to use cash collateral to continue liquidating a debtor's estate so long as the interests asserted by affected creditors in such cash are adequately protected.

10.     If a secured creditor objects to the trustee's proposed use of cash collateral, the court must ensure that the creditor's interests are adequately protected:

> [O]n request of an entity that has an interest in property used. . . the court, with or without a hearing, shall prohibit or condition such use. . . as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).  Thus, courts are required to balance the protection offered to a secured creditor against a trustee's need to use cash in connection with his liquidation of a debtor's estate's assets.  *Stein v. U.S. Farmers Home Admin. (In re Stein)*, 19 B.R. 458, 459 (Bankr. E.D. Pa. 1982).  In determining whether a creditor is adequately protected, courts "will generally permit the business operation to continue, at least to the point of plan formulation, if the debtors

make a solid evidentiary showing to support their projections. . . . ." *In re Dynaco Corp.*, 162 B.R. 389, 395 (Bankr. D.N.H. 1993).

11.     The Bankruptcy Code does not define "adequate protection" other than providing examples of acceptable forms of adequate protection, such as periodic cash payments, additional liens, replacement liens, and the "indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361.  The tailoring of adequate protection thus requires the Court to make a fact-specific inquiry to determine what relief will provide adequate protection for the current situation.  *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); *see In re Las Torres Dev., L.L.C.*, 413 B.R. 687, 696 (Bankr. S.D. Tex. 2009).  In so doing, the Court should attempt to preserve a secured creditor's position at the time of the bankruptcy filing and protect the secured creditor from diminution in the value of its collateral during bankruptcy proceedings.  *Id.* at 288 (citation omitted); *Beker*, 58 B.R. at 736.

12.     To the extent that BofA's interest in Cash Collateral is diminished, BofA shall receive replacement liens on any and all unencumbered property of the Debtors, including any recovery from litigation that the Trustee pursues.

13.     BofA's interests in Cash Collateral are also adequately protected because the Trustee will use the Cash Collateral to pay for expenses incurred in maintaining or selling the Ventech Building.  Such use of Cash Collateral preserves BofA's collateral, further protecting BofA's interests therein.[2]

14.     For these reasons, the Trustee submits that his proposed use of Cash Collateral as described in the Budget should be approved.

---

[2]     Section 506(c) of the Bankruptcy Code provides that a debtor "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."  While the Debtor is not seeking to surcharge the collateral pursuant to this Motion, the policy of § 506(c) of the Bankruptcy Code supports the conclusion that using Cash Collateral to preserve a creditor's collateral adequately protects such creditor.

## WAIVER OF STAY UNDER RULE 6004(H)

15.     The Trustee requests that the Court enter an order providing that the notice of the relief requested in this Motion satisfies Bankruptcy Rule 6004(a) and that he has shown cause for relief from the 14-day stay imposed under Rule 6004(h).

## CONCLUSION

16.     The Trustee respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto and grant any other relief that is just and proper.

Dated: June 13, 2018                              Respectfully submitted,

                                                  DIAMOND McCARTHY LLP

                                                  */s/ Charles M. Rubio*
                                                  Charles M. Rubio
                                                  TBA No. 24083768
                                                  crubio@diamondmccarthy.com
                                                  Michael D. Fritz
                                                  TBA No. 24083029
                                                  mfritz@diamondmccarthy.com
                                                  Two Houston Center
                                                  909 Fannin, 37th Floor
                                                  Houston, TX 77010
                                                  Telephone: (713) 333-5100
                                                  Facsimile: (713) 333-5199

                                                  *Counsel for Rodney D. Tow, Chapter 7*
                                                  *Trustee for Ventech Engineers, LP, et al.*

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Bank of America regarding the relief requested by this Motion and confirmed that Bank of America does not oppose the requested relief.

*/s/ Charles M. Rubio*
Charles M. Rubio

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 13, 2018, a true and correct copy of this Motion will be served on all parties registered to receive service through the CM/ECF system.

*/s/ Charles M. Rubio*
Charles M. Rubio

<u>Exhibit A</u>

**Budget**

Real Property Taxes, Utility Charges and Property Insurance for Ventech Building as previously approved by the Court pursuant to Orders entered at ECF Nos. 68, 77 and 86.

2017 Real Property Taxes Owed to Pasadena ISD (plus outstanding fees, penalties and interest) – actual amount

Property Expenses/Miscellaneous - $20,000

Trustee Fees -  Maximum amount permitted under 11 U.S.C. § 326

Broker's Fees - Sales commission for Marcus & Millichap as described in the Order Authorizing Employment of Marcus & Millichap [ECF No. 30]

General Counsel - $125,000 (including amounts approved pursuant to ECF No. 83)

Special ERISA Counsel (Matt Borror) - $25,000

Trust Accountant - $10,000

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** *et* | § | **Case No. 17-33203** |
| *al.*,[1] | § | |
| | § | **Jointly Administered** |
| **DEBTORS.** | § | |
| | § | **(Chapter 7)** |

## ORDER AUTHORIZING USE OF CASH COLLATERAL
### [Related to ECF No. _____]

  The Court, having considered the Trustee's *Motion for Authorization Pursuant to 11 U.S.C. §§ 105, 361 and 363 for Use of Cash Collateral* (the "Motion"),[2] any responses to the Motion, the statements of counsel, and the record in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion and hearing thereon has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for the granting of the relief requested. Therefore, it is ORDERED that:

  1.  The Motion is GRANTED on a final basis to the extent set forth herein.

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2.      The Trustee shall be entitled to use Cash Collateral (as defined in the Motion) to pay all ordinary and necessary expenses as described in the budget (the "Budget") attached as Exhibit A.

3.      The Trustee and BofA are authorized to amend the Budget by agreement by filing a notice of the amended budget on the docket without further order of this Court.

4.      As adequate protection for use of Cash Collateral, BofA shall receive first-priority replacement liens on any and all unencumbered property of the Debtors, including any litigation recoveries.

5.      As additional adequate protection, BofA shall be entitled to a superprority administrative expense claim pursuant to § 507(b) of the Bankruptcy Code for any diminution in the value of BofA's collateral since the Petition Date.

6.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcements of this Order.

Dated: _____, 2018

_____
**UNITED STATES BANKRUPTCY JUDGE**