UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** *et al.*,[1] | § | Case No. 17-33203 |
| | § | |
| DEBTORS. | § | Joint Administration |
| | § | |
| | § | (Chapter 7) |

**TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE OF
AVOIDANCE CLAIMS PURSUANT TO BANKRUPTCY RULE 9019 AGAINST
<u>PARFAB FIELD SERVICES, LLC</u>**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549) (the "<u>Debtors</u>").

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), files this motion (the "Motion") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form annexed hereto (the "Proposed Order"), approving the settlement agreement (the "Settlement Agreement"), attached to the Proposed Order as Exhibit A thereto, by and between the Trustee and ParFab Field Services, LLC ("ParFab"). In support of the Motion, the Trustee respectfully states the following:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought herein are Bankruptcy Code §§ 105(a), 363, and 548 and Bankruptcy Rule 9019.

## BACKGROUND

**A.   Case Background**

4. On May 26, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code thereby commencing the Chapter 7 Cases.

5. Prior to the Petition Date, the Debtors operated engineering, procurement, and construction companies that focused on modular systems design and fabrication for petroleum refiners and related industries.

6. Rodney D. Tow was appointed as chapter 7 trustee of the Debtors' estates on May 30, 2017.

B. **Potential Avoidance Claim against ParFab**

7. With the advice of his professionals in this case, the Trustee has analyzed and continues to analyze, potential causes of action that are property of the Debtors' estates.

8. The Debtor's financial records indicate that the Debtor paid ParFab a total of $359,713.31 in three transfers during the Preference Period ("Transfers").

9. On February 28, 2017, Debtor transferred $76,339.63 to satisfy the following past-due obligations:

| Invoice Number | Invoice Date | Amount |
|---|---|---|
| 3352-IN | 11/16/2016 | $5,283.40 |
| 3387-IN | 12/13/2016 | $22,069.29 |
| 3399-IN | 12/20/2016 | $48,986.94 |
| | Total: | $76,339.63 |

10. On March 3, 2017, Debtor transferred $227,684.82 to satisfy the following past-due obligations:

| Invoice Number | Invoice Date | Amount |
|---|---|---|
| 3146-B-IN | 6/22/2016 | $141,197.99 |
| 3418-IN | 1/13/2017 | $86,486.93 |
| | Total: | $227,684.92 |

11. Then, on March 28, 2017, Debtor transferred $55,688.86 on account of the following past-due obligations:

| Invoice Number | Invoice Date | Amount |
|---|---|---|
| 3278-2-IN | 10/10/2016 | $0.04 |
| 3351A-IN | 11/16/2016 | $63,352.60 |
| 3351B-IN | 11/16/2016 | $11.00 |
| 3402-DM | 12/29/2016 | -$11,010.60 |
| 3405-DM | 12/31/2016 | -$240.12 |
| 3425A-IN | 1/20/2017 | $3,575.94 |
| | Total: | $55,688.86 |

12. The Trustee believes that he has a prima facie case to avoid these transfers as preference claims under section 547 of the Bankruptcy Code in a total amount of $359,713.13.

Parfab strongly disputes the Trustee's claims and asserts that it has a complete defense to any liability under section 547 of the Bankruptcy Code because (i) under applicable state law, whether that is Texas or Oklahoma, the Transfers constituted trust funds are were not property of the Debtor when transferred to Parfab, and (ii) the Transfers were made in satisfaction of Parfab's lienable claims and did not enable Parfab to receive more than it would in a hypothetical chapter 7 case as a result of those lien rights.

13. The Trustee does not believe that Debtors' bankruptcy estates have any other causes of action under chapter 5 of the Bankruptcy Code against ParFab other than with respect to the Transfers. Moreover, the Trustee is not aware of any claims the Debtors' estates hold against ParFab, other than the preference claims related to the Transfers.

### C. Proposed Settlement Agreement

14. The Trustee sent ParFab a letter demanding return of the Transfers as preference claims. As a result of negotiations between the parties, the Trustee and the ParFab reached an agreement with respect to the Transfer with the following essential terms:[2]

> a. <u>Bankruptcy Court Approval</u>: According to its terms, the Settlement Agreement is effective and binding in all respects, provided that the parties will be released from their obligations if the Court denies this Motion or materially alters the Agreement over either party's objection at a hearing on the Motion.[3]
>
> b. <u>Payment of Settlement Amount</u>: Within seven (5) days after executing the Settlement Agreement, ParFab will transfer to its counsel's trust account $110,000.000 ("<u>Settlement Amount</u>"), which counsel for ParFab will release to the Trustee upon entry of an order of the Bankruptcy Court approving the Settlement Agreement (the "<u>Settlement Approval Order</u>") becomes a final, non-appealable order

---

[2] This summary is subject in all respects to the Proposed Order and the Settlement Agreement.

[3] The Trustee's only obligation under the Settlement Agreement absent Bankruptcy Court approval is to file a motion seeking such approval.

("Final Order"). Parfab has complied with this provision and already transferred the Settlement Amount to its counsel's IOLTA.

c. Release of Avoidance Actions: Effective immediately upon the occurrence of both (i) the Settlement Approval Order becoming a Final Order and (ii) the Trustee's receipt of the Settlement Amount, the Trustee shall release ParFab from any and all claims arising from the Transfer under sections 547 to 550 of the Bankruptcy Code.

15. In his exercise of his business judgment, the Trustee has determined that entry into the Settlement Agreement is in the best interest of the Debtors' estates. The compromise reflected in the Settlement Agreement provides for repayment of approximately 33% of the Transfers to the Debtors' estates and allows for certainty of immediate payment as opposed to sometime in the future (assuming the litigation is successful which presents risks as discussed further below). The Trustee believes that collecting the Settlement Amount from ParFab will not present a hurdle here because the Settlement Amount has been deposited in the trust account of ParFab's counsel pending the Final Order. The Trustee will be able to enforce the Settlement Agreement against ParFab if necessary.[4]

## RELIEF REQUESTED

16. By this Motion, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Trustee seeks entry of an order, substantially in the form of the Proposed Order, approving the Settlement Agreement.

## BASIS FOR RELIEF

17. Section 363(b)(1) of the Bankruptcy Code authorizes trustees to use, sell, or lease property of a debtor's estate other than in the ordinary course of business with court approval. To receive approval, "there must be some articulated business justification for using, selling, or

---

[4] As part of his exercise of business judgment, the Trustee has considered that enforcing a judgment on the Settlement Agreement may require an action in the court of the State of New York. The Trustee believes that is highly unlikely that such action will be necessary.

leasing the property outside of the ordinary course of business." *ASARCO, Inc. v. Elliot Management (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011). Further, section 105(a) of the Bankruptcy Code authorizes bankruptcy courts to "issue any order, process, or judgement that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Bankruptcy Rule 9019 expressly gives the Court the discretion to approve compromises of controversies and claims. *See, e.g.*, *Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *Continental Airlines, Inc. v. Air Line Pilots' Ass'n Int'l, (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990); *In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984).

18. Congress provided mechanisms in the Bankruptcy Code to encourage settlements. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. Rev. 1993)).

19. Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

20. Court should approve a proposed settlement or compromise under Bankruptcy Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968); *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599 (5th Cir. 1980). Moreover, a bankruptcy court need not be convinced that the proposed settlement is the best possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008).

21. The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a bankruptcy court should evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re Age Refining, Inc.*, 801 F.3d 530 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602.

22. Under the third, catch-all provision, the Fifth Circuit has specified two additional considerations. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996). Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted).

23. The Settlement Agreement satisfies the requirements defined by the Fifth Circuit for approval and is in the best interests of the Debtors' estates. Although the Trustee believes that preference litigation may be successful, there is significant legal uncertainty with respect to the application of Texas and Oklahoma construction trust fund statutes. These statutes are attempts by the state legislatures to ensure that subcontractors like ParFab are paid money owed to them for labor and/or materials. These statutes work by having money paid by a client to general contractor to be deemed to be held in trust by the general contractor for the purpose of paying the subcontractors. Arguably, the general contractor does not have legal title to the funds received from the client that are paid to the subcontractor as these amounts are held in trust by the general contractor. Therefore, the argument continues that since the funds paid to the subcontractor and not property of the general contractor's bankruptcy estate then the funds are not subject to avoidance under section 547 of the Bankruptcy Code. The Texas Property Code specifically provides that "[t]rust funds paid to a creditor under this chapter are not property or an interest in property of a debtor who is a trustee described by Section 162.002." Tex. Prop. Code Ann. § 162.001(d); *see also See Munoz v. Cedar Park Constr., LLC* (*In re RTX Custom Homes, Inc.*), 2017 Bankr. LEXIS 1669, at *110-112 (Bankr. W.D. Tex. June 8, 2017) ("One legislative purpose of this Texas Property Code amendment was to prevent payment of construction trust funds by a contractor…to its subcontractor…from being recoverable in bankruptcy as a preference.") (citing legislative history that the amendment was "to deal with the effects of the preferential transfer statute").

24. There are complexities with respect to the particular facts in this case. The contract governing the relationship between the Debtors and ParFab is subject to the application of Texas law while the construction project at issue is in Oklahoma. Oklahoma law includes a provision

that may invalidate the application of Texas law to an Oklahoma construction project. Furthermore, there are some slight yet meaningful differences in the construction trust fund statutes of these two states. While Texas law clearly favors Parfab and Oklahoma law clearly favors the Trustee, Parfab has asserted that it believes it has a meritorious argument which it is willing to litigate even if this Court determined that Oklahoma law applies.

25. While the Trustee believes that the legal issue in this matter are complex, the Trustee believes that these issues could be well researched and briefed by both sides within a relatively short time.

26. The Trustee contends that the Settlement Agreement is well within the range of reasonableness and in the best interest interests of creditors. Further, the Trustee and ParFab negotiated the settlement agreement at arms-length.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, approving the Settlement Agreement.

Dated:  October 4, 2019

Respectfully submitted,

DIAMOND MCCARTHY LLP

/s/Charles M. Rubio
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Brian Raymond Hogue
TBA No. 24094725
bhogue@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile

*Counsel to Chapter 7 Trustee Rodney D. Tow*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2019, a true and correct copy of this Motion was served on (i) all parties registered to receive ECF notification in the above captioned case, (ii) all parties with email addresses listed on the Debtor's Master Service List via email, and (iii) all other parties on the Debtor's Master Service list by U.S.P.S. first class mail, postage prepaid.

/s/ Charles M. Rubio
Charles M. Rubio