UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VENTECH ENGINEERS, L.P.** *et al.*,[1] | § § § | Case No. 17-33203 |
| | § | Jointly Administered |
| DEBTORS. | § § | (Chapter 7) |

**TRUSTEE'S MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) AND BANKRUPTCY RULES 2002(b)(3) AND 9019 AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO COMPROMISE AND SETTLE CERTAIN PREFERENCE CLAIMS**

Rodney D. Tow, the chapter 7 trustee (the "Trustee") of the estate of Ventech Engineers, L.P. *et al.*, (the "Debtors"), files this motion ("Motion") for entry of an order, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. ("Bankruptcy Code") and rules 2002(a)(3) and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), establishing certain procedures to compromise and settle certain preference claims arising under Section 547 of the Bankruptcy Code (the "Preference Claims"). In support of the motion, the Trustee, by and through their undersigned counsel, respectfully represent as follows:

**PRELIMINARY STATEMENT**

1. Given the Debtors' business, operational circumstances, and liquidity issues just prior to commencement of the Debtors' chapter 7 bankruptcy cases, among other reasons, several

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

of Debtors' vendors and customers are subject to preference claims. These claims cover a wide range of values (from the several thousand to the several hundred thousand dollars) and are subject to various defenses. The cost attendant to any protracted litigation undertaken to pursue these claims, the cost attendant to seeking Court approval for each individual settlement proposal, and the consequences of exposing publicly the Trustee's decisions to settle certain claims for particular amounts will diminish, or even destroy, the value of these claims and the Trustee's ability to effectively negotiate settlements to the benefit of Debtors' estates.

2. By this Motion, the Trustee seeks to establish certain Preference Claim Settlement Procedures (defined below) that will allow the Trustee to settle and compromise preference claims with vendors and customers without the need for seeking additional Court authorization, subject to oversight from key parties in interest in these cases. If adopted, the Preference Claim Settlement Procedures will facilitate the expedient recovery and monetization of Preference Claims by sparing the estates the expense, delay, and uncertainty that would be associated with seeking Court approval for each preference claim settlement the Trustee might seek to enter into in these cases, while preserving the ability of key parties in interest to challenge the reasonableness of the any material settlements.

## JURISDICTION

3. This Court has subject matter jurisdiction to consider and determine this Motion under 28 U.S.C. § 1334.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3), 6004(h) and 9019.

**BACKGROUND**

7. On May 26, 2018 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code and commenced Debtors' chapter 7 cases.

8. Rodney D. Tow was appointed chapter 7 trustee for the Debtors' estates on May 30, 2017.

9. On June 7, 2018, the Court approved the Trustee's application to employ Diamond McCarthy LLP as special litigation counsel to pursue potential litigation claims held by the Debtors' estates and Trustee against transferees of preferences and fraudulent transfers.

**RELIEF REQUESTED**

10. The Trustee seeks entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3) and 9019 that establish the following procedures to permit the Trustee to compromise and settle Preference Claims on an expedited basis ("Preference Claim Settlement Procedures"). The Preference Claim Settlement Procedures establish tiered notice requirements based upon the magnitude of the proposed settlement:

   a. Net Preference Claims less than $25,000. The Trustee will be free to exercise his discretion and can consummate any settlement as he deems appropriate without further notice.

   b. Net Preference Claims that are at least $25,000 but less than $250,000. The Trustee will provide to (i) Bank of America, N.A. and (ii) the United States Trustee ("Notice Parties") electronic notice of all proposed settlements. The Notice Parties will have ten (10) business days to file an objection by electronic notice to Diamond McCarthy LLP to any proposed settlement. If no such objection is made, then the Trustee may consummate the settlement without any further notice. If an objection is made, then the Trustee shall file a motion pursuant to Bankruptcy Rule 9019.

   c. Net Preference Claims that are at least $250,000. The Trustee will file a motion pursuant to Bankruptcy Rule 9019.

11. For the purposes hereof, "Net Preference Claim" shall mean the aggregate of the total transfers during the preference period less all applicable new value credit (i.e., credit for

subsequent unpaid invoices as well as invoices paid with otherwise avoidable transfers) and appropriate credit for the ordinary course of business ("OCB") defense. OCB credit shall be calculated under either of the following approaches as determined by the Trustee: (i) the sum of all transfers paying invoices within thirty (30) days of stated terms or (ii) the sum of all transfers made within twenty (20) days earlier or later than the average days past invoice date of the parties pre-preference period transactions.

**BASIS FOR RELIEF**

12. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Under Bankruptcy Rule 9019(b), the Court may authorize the Trustee to settle certain classes of controversies without requiring separate notice and hearing with respect to each separate controversy.

13. Congress provided mechanisms in the Bankruptcy Code to encourage settlements. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. Rev. 1993)).

14. Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy

court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

15. Court should approve a proposed settlement or compromise under Bankruptcy Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968*); United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599 (5th Cir. 1980). Moreover, a bankruptcy court need not be convinced that the proposed settlement is the best possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008). The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a bankruptcy court should evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re Age Refining, Inc.*, 801 F.3d 530 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602.

16. Under Bankruptcy Rule 9019(b), after a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies with such class or classes without further hearing and notice.

17. Section 363(b) of the Bankruptcy Code provides in relevant part that the Trustee may use property of a debtor's estate other than in the ordinary course of business after notice and hearing. 11 U.S.C § 363(b). The recoveries on the preference claims are property of the Debtors' estates. See 11 U.S.C. § 541(a)(3).

18. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Trustee contends that the process for approving settlements set forth in this Motion is appropriate for carrying out the provisions of Section 363(b) and Bankruptcy Rule 9019.

19. Pursuant to the Order Authorizing Cash Collateral [ECF 105], Bank of America, N.A., in addition to its first-priority replacement liens on any and all unencumbered property of the Debtors, including litigation recoveries, has a super priority administrative expense claim for the diminution of the value of its collateral since the Petition Date. As such, Bank of America, N.A. has a vested interest in the recovery of the preference claims and is an appropriate Notice Party.

20. Here, the establishment of the Preference Claim Settlement Procedures is supported by a legitimate business justification because it seeks to monetize preference claims in as efficient way as possible to preserve the greatest possible recovery for creditors. Specifically, the Preference Claim Settlement Procedures will (a) facilitate the Trustee's prompt monetization of Preference Claims; (b) minimize the administrative expense and procedural burdens associated

with obtaining approval of numerous settlements of Preference Claims, while preserving fundamental checks on the reasonableness of such settlements; and (c) will protect the Trustee's bargaining position as he seeks to settle outstanding preference claims.

21.     In furtherance of the relief requested herein, the Trustee also request that under Bankruptcy Rule 2002(a)(3), the Court find that cause exists to limit notice of any settlement entered into pursuant to the Preference Claim Settlement Procedures. Limiting notice will enable the Trustee to promptly and efficiently enter into settlements.

22.     Bankruptcy Rule 6004(h) provides that an order authorizing use of debtor's property other than cash collateral is stayed for a period of 15 days after entry of an order unless the court otherwise orders. The Trustee respectfully submits that cause exists for the Court to wave Bankruptcy Rule 6004(h) to the extent applicable due to the Trustee's need to promptly begin settling Preference Claims under the Preference Claim Settlement Procedures to expedite their monetization.

[Remainder of Page Intentionally Left Blank]

**CONCLUSION**

WHEREFORE the Trustee respectfully requests this Court enter an order substantially in the form attached hereto approving the Preference Claim Settlement Protocol and provide such other relief as is just and property.

Dated: October 18, 2019

Respectfully submitted,

DIAMOND MCCARTHY LLP

By:  */s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Brian Raymond Hogue
TBA No. 24094725
bhogue@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was filed electronically with the Court on October 18, 2019, and caused to be served through the Court's CM/ECF system to all parties registered to receive electronic notice in this case.

          */s/ Charles M. Rubio*